OF

# THE DECISIONS

OF

# THE SUPREME COURT OF ALABAMA,

## JANUARY TERM, 1833.

---

### CONDRY, *et al. vs.* HENLEY & MURPHEY.

1. In proceedings, by motion, under the statute, against a constable and his sureties, for failing to return an execution, it is not error to proceed to trial and judgment without a declaration.
2. In such case a jury is not essential, unless specially requested by the parties: but if one is impanneled and render a verdict, it is not error.
3. In proceedings like these, before a justice of the peace, it is not error to render judgment in favor of the plaintiffs in their firm name.

In error from Jefferson County Court.

This was a motion, submitted before a justice of the peace, and carried, by *certiorari*, into the County Court. It appeared that an execution had been

4 s. & p.                    2

committed to Condry, who was a constable, which he had failed to return; and the motion was made under the statute, against him, and the sureties to his bond. It was assigned in error, here, in reference to the judgment of the County Court—first, that no declaration was filed in the cause: second, that a jury was sworn to try the issue, when none was formed : third, that the motion did not disclose the christian names of the defendants in error.

*Shortridge*, for plaintiff—*Peck, contra.*

TAYLOR, J.—This case originated before a justice of the peace, and was a motion against a constable, for not returning an execution which had been delivered to him for collection. The motion was against the constable and his securities, according to the statute. The justice rendered a judgment against the plaintiffs in error, who were the defendants before him ; and the cause was carried into the County Court, by *certiorari.*

Several assignments of error have been made— the first of which is, that " the plaintiffs" (the defendants in error) " proceeded to trial and judgment without a declaration."

The statute evidently contemplates a summary mode of proceeding in cases of this kind. It requires that a notice shall be served upon the constable and his securities, which is the mode in which all summary proceedings are commenced under the different statutes which prescribe them, except in particular instances, when the motion is authorised without either notice or the service of process.— When a sheriff is proceeded against, for failing to

return an execution which issues from a court of record, a notice has first to be served upon him; and in that, and all similar cases, declarations are dispensed with. It can not be supposed that it was intended to require regular pleadings to be filed, when a case, like this, is taken, by appeal or *certiorari*, into a court of record, when nothing of the kind is necessary in similar cases, originating in those courts. No declaration therefore was necessary.

The next assignment is, that "a jury was sworn to try the issue, when no issue was formed."

It is believed that no jury was necessary, unless one of the parties requested that the facts should be submitted to one. If this had been done, it would have been the duty of the Court to have directed such an issue to have been made up, as would have secured a verdict upon the facts involved in the case. As it does not appear from the record that any application was made to the Court, which authorised it to direct an issue, we must believe that none such was made.

It has been several times decided by this Court, that if a verdict has been returned in a case in which the Court was authorised to act without a jury, it was not error; as we would presume the parties consented to this mode of trial, and the Court has, at last, to render a judgment in the case. Thus, in appeals from justices, where the amount in controversy is less than twenty dollars, the law declares that the Court shall proceed to try the cause, and render judgment without a jury : yet it is no error for a jury to be sworn, and to render a verdict in such case. Unless the verdict accords with the opinion of the

Court, it might be disregarded, and the judgment rendered as if there had been no jury sworn.

The third assignment is, that there was error in rejecting the plea in abatement, of the plaintiffs in error.

The object of the plea was to abate the suit, because the motion had been made by Henley & Murphey as a firm without setting out their christian names.

There is no doubt that this would be a fatal defect in a suit regularly commenced in a Court of record, but our statutes are very comprehensive in curing defects in proceedings before a justice of the peace, and it is right they should be so. This very useful class of officers can not be expected always to be so conversant with legal niceties, as to conduct their proceedings according to the strict rules which, of necessity, prevail in Courts of record; the amounts contested before them, are small, and it would be cruel to subject their judgments to reversal for slight errors, and thereby involve the party who has right on his side, to heavy costs, amounting often to more than the sum in controversy, when the suit has been fairly tried upon the merits. We therefore believe this Court would not be authorised to reverse a judgment, because a justice had issued his warrant, or rendered judgment in favor of or against partners by their partnership name. If it became necessary, after an appeal, to file a declaration, and plead, it would be required that the pleadings should regularly set out the names of the parties: but in this case it was not necessary.

The fourth assignment relates to the matters con-

tained in the second set of exceptions, which were taken to the opinions of the Court below.

From the record, it appears that these exceptions were taken by the defendants in error during the progress of the trial. It is insisted that this is a clerical mistake; but this is not so evident from the whole or any part of the record as to authorise us to act upon that presumption, and the counsel for the defendants in error, who was also of counsel in the County Court, affirms that no such mistake has been committed.

The judgment must be affirmed.