| 3 | 607 |
|---|---|
| 136 | 433 |

### BENTLEY *et al.* v. WRIGHT.

1. Where a judgment is rendered by a justice of the peace for a sum exceeding fifty dollars, which is removed by appeal to a higher tribunal, the appellate Court should not, on motion, vacate the judgment, but the correct practice under the act of 1819, is to put the defendant to plead the want of jurisdiction in abatement.
2. Where a statement filed in an appeal case, describes a note of fifty dollars, it is not available on error, that the sum sought to be recovered was beyond the jurisdiction of the justice of the peace; *non constat* but the interest had been remitted.
3. A judgment *nunc pro tunc* may be entered or amended at a subsequent term, even without notice, if there is any order or memorandum of record to warrant it.

Writ of error to the Circuit Court of Tallapoosa.

This case was commenced before a justice of the peace, by the defendant in error, against Moses Bentley, Wiley Crawford and Salmon Washburn, for the recovery of a note of fifty dollars. A judgment was there rendered for the amount of the note, with one dollar for interest, besides costs. From that judgment, the defendants prosecuted an appeal, Crawford alone, entering into bond with John Hopkins, his surety.

At the first term of the Circuit Court, to which the case was returned, the defendants, by their attorney, moved the Court to reverse the judgment and dismiss the appeal, because the Justice of the Peace, had no jurisdiction; which motion was overruled.

The plaintiff then filed a statement on the note against all the defendants, and took a judgment by *nil dicit*, which was rendered against Crawford and Hopkins, the surety in the appeal bond.

At the next term, the plaintiff moved to amend his judgment *nunc pro tunc*, so far as to have it rendered against Bentley and Washburn, whose names were omitted in the original entry through mistake. Whereupon, an entry was made as follows.:

"George W. Wright, *v.* Wiley Crawford, Moses Bentley, Salmon Washburn.

"This day, came the plaintiff by attorney, and moved the Court to amend the judgment of last term. And it appearing to the Court, that at the last term, said plaintiff recovered a judgment against said defendants, on appeal, and that the names of said Washburn and Bentley, were omitted in the judgment, and that the judgment was not at that time entered against them.

"It is therefore considered by the Court, that said judgment be rendered now, as then against them, and John M. Hopkins, their security in the appeal bond. Therefore it is considered by the Court, that said plaintiff recover of said defendants aforesaid, the sum of fifty-four 33-100 dollars, the damages in the declaration mentioned, together with the costs in this behalf expended" &c.

T. CLAY, for the plaintiff in error.

No counsel appeared for the defendant.

COLLIER, C. J.—It is assigned for error: 1. That the amount in controversy, was beyond the jurisdiction of the Justice of the Peace, and his judgment therefore unauthorised.

2. The Circuit Court erred in overruling the motion to reverse the judgment of the Justice and dismiss the appeal.

3. The first judgment should not have been awarded, nor the second rendered *nunc pro tunc.*

4. The judgment is for too much damages.

5. The amended judgment was rendered without notice, and is informal, uncertain and insufficient.

1. & 2. It is perfectly clear, that the *jurisdiction* of Justices of the Peace cannot be exercised in cases in which the amount in controversy, exceeds fifty dollars. But the act of 1819, Aik. Dig. 261, enacts that, "in cases of appeals from judgments of Justices of the Peace, the Court before whom such appeal shall be brought, shall proceed to try the same according to the justice and equity of the case, without regarding any defect in the warrant, capias, summons, or other proceedings of the Justice of the Peace, before whom the case was tried." This statute is very liberal in its terms; while it inhibits the appellate Court from repudiating the appeal for any defect in the

Bentley, *et al. v.* Wright.

proceedings of the primary Court, it secures to the parties a trial, in accordance with "justice and equity;" and if interpreted according to its obvious design and intention, will prevent the mistakes of Justices of the Peace from operating to the prejudice of litigants. Harrison v. Donelly, 5 Porter's Rep. 213; McCrory v. Smith, 1 Ala. Rep. N. S. 157.

That the judgment of the Justice of the Peace was for a sum beyond his jurisdiction, cannot be controverted, but the act cited, is very explicit to show, that the Circuit Court should not have disposed of the case according to the defendants motion. The defendants however, had a plain remedy; they should have pleaded in abatement, that the suit was instituted before a tribunal having no jurisdiction of the case. This they failed to do, and thus impliedly admitted, that they had been brought before the proper Court.

The question whether the want of jurisdiction does not appear from the statement filed by the plaintiff in the Circuit Court, is not brought directly to our notice by the assignment of errors; but it may be as well to remark that the plaintiff merely declares for fifty dollars, so that that Court could not know, but that the interest had been remitted even before suit brought. This the plaintiff might do, according to previous decisions made here. Nibbs, use, &c. v. Moody, 5 Stewart & Porter's Rep. 198; King v. Dougherty, 2 Stewart Rep. 487.

3 & 4. From the cause of action disclosed in the statement, the plaintiff was certainly entitled to judgment, for the defendants had withdrawn their plea, and the sum demanded was certain, being ascertained by a promissory note. If there was an order for the first judgment shown by the record, or some written memorandum of the Court, it was entirely proper to perfect the entry at the succeeding term. This is a proceeding so well established in practice and approved by authority as not now to admit of controversy. If the judgment is rendered for a larger sum than was due for principal and interest, it can be here corrected, at the costs of the plaintiffs in error, but a calculation of interest will show that there is no material error in this respect.

5. It has been heretofore decided, that where there was a mistake in entering a judgment apparent from the record, it was competent to amend the judgment *nunc pro tunc*, at the

next succeeding term, without notice to the opposite party. Fuqua and Hewitt v. Carriel and Martin, Minor's Rep. 170; Clemens v. Judson and Banks, ibid, 395. In point of law a notice would avail nothing, since the motion could not be gainsayed.

It is certainly true, that the judgment is informal and untechnical, but we think it substantially sufficient. The names of all the parties in the Circuit Court are stated as a part of the entry, and the judgment is rendered against the defendants and the surety in the appeal bond. This was a final disposition of the case according to law, and the judgment is affirmed.