## HENDERSON vs. PLUMB & ROBBINS.

1. On the trial of a motion before a justice of the peace against a constable for failing to return an execution, the plaintiff, if his demand is over fifty dollars, may remit an amount sufficient to bring the case within the jurisdiction of the justice.

2. If an appeal be taken from the judgment of a justice of the peace, within five days after it is rendered, it cannot be dismissed because no bond has been executed, if the appellant is ready to give the bond when the motion to dismiss is made.

3. A declaration or statement is not necessary, in a proceeding by motion against a constable and his securities for his failure to return an execution.

ERROR to the Circuit Court of Monroe. Tried before the Hon. John Bragg.

Henderson v. Plumb & Robbins.

T. & J. Williams, for the plaintiff in error:

1. It is insisted that on the appeal an issue *de novo* should have been tendered to defendant, by way of declaration or suggestion, and when defendant refused to plead, then to proceed as in other cases of default.

2. The jurisdiction of the magistrate is $50, and no more. It is admitted a creditor may release his debt, or so much of it as will reduce his demand below $50, and thus give jurisdiction to the magistrate.—King v. Dougherty, 2 Stew. 487; Nibbs, use &c. v. Moody, 5 Stew. & Por. 198. The rule laid down here is not denied by the plaintiff in error; but the case at bar is distinguishable from these cases. In the cases in 2 Stew. and 5 S. & P., the releasing of the debt was prior to the issuing of the summons by the magistrate ; so that the suits were for a sum that the justice had jurisdiction over. In the case at bar, this was not the case ; the notice of the motion is for "the amount of the execution, with interest thereon ;" the execution was for $50, and $2 46 costs, dated 25th May 1846 ; the notice issued May 1st, 1848 ; here was interest on this judgment from 25th May 1846 to 1st May 1848, and $2 46 costs, and to recover this amount this motion was made before the justice. It seems the plaintiffs only claimed on the day of trial $50, agreeing to release the balance. The magistrate gave judgment for defendants, and plaintiff appealed. Could the plaintiffs relinquish, even before suit? We think they could not, because the amount claimed was not a debt due plaintiffs in execution—it is only a *penalty.*—So says Judge Goldthwaite, in Evans v. Stephens et al., 8 Ala. 517. . Being then only a penalty, the plaintiffs cannot release until there has been a judgment in their favor. And again, here are costs which plaintiffs could not release, not belonging to them. A mere liability to pay the costs did not authorise them to release the amount.

3. The bond should have been executed within five days after judgment pronounced, (Clay's Dig. 314, § 9,) because the statute authorising the appeal says the party aggrieved " may *within five days thereafter appeal,* first giving to such justice bond," &c. The statute of 1814 did not require this, but the statute of 1822 *does expressly.*—Vide Clay's Dig. 314, § 9.

Cooper & Leslie, for the defendants :

Henderson v. Plumb & Robbins.

The defendant should have plead in abatement the want of jurisdiction in the justice of the peace.—Bently et al. v. Wright, 3 Ala. 607.

The plaintiffs had a right to credit all over $50.—Nibbs, use &c. v. Moody, 5 Stew. & Por. 198.

The appeal bond, if one be necessary, may be given at *any time*, if the appeal be applied for within five days.—Johnson v. Hale, 3 Stew. & Por. 331; 1 Stew. 407.  No declaration was required.—Coudry v. Henly, 4 Stew. & Por. 9.

DARGAN, C. J.—The plaintiffs notified the defendant, who is a constable, that they would move for a judgment against him before a justice of the peace for the amount of an execution with interest thereon, for failing to return the same within the time prescribed by law.   The amount of the execution as described in the notice is fifty dollars, besides two dollars $\frac{46}{100}$ cost. The plaintiffs remitted, on the trial before the justice, all right to recover over fifty dollars.   Judgment was rendered in favor of the defendant, and the plaintiffs appealed to the Circuit Court, but an appeal bond was not executed until some months after the appeal was granted.   The defendant moved the Circuit Court to dismiss the suit, because the amount which the plaintiffs were entitled to recover was over fifty dollars.   He also moved the court to dismiss the appeal, because the appeal bond was not executed within five days from the time the judgment was rendered.   These motions were refused, and the defendant excepted.   The constitution, it is true, limits the jurisdiction of a justice of the peace to fifty dollars, but by the decisions of this court the rule is settled that a plaintiff may remit of his demand all over fifty dollars, and thus bring his case within the jurisdiction of the justice.—Nibbs, use &c. v. Moody, 5 Stew. & Por. 198; King v. Dougherty, 2 Stew. 487; Bently v. Wright, 3 Ala. 607.   It is, however, contended that the recovery in this case being in the nature of a penalty, the plaintiffs could not remit a portion of their demand, so as to entitle them to sue before a justice of the peace.   The amount of recovery against a constable for failing to return an execution is given by statute, it is true, but we can see no reason why a plaintiff should be entitled to remit all over fifty dollars, and recover before a justice, when his demand arises out of contract, and yet

be denied the right to remit, when his demand arises from the failure of a constable to return an execution. The amount which the plaintiff is entitled to recover against a constable for failing to return an execution is governed by the amount of the execution, and we think there is as much reason for allowing a plaintiff to remit a part of this demand, and thus bring his case within the jurisdiction of the justice, as there is for allowing him to remit a portion of his debt due by contract to enable him to sue in a justice's court.

2. Nor is it material when the appeal bond was executed, so the appeal was taken in the proper time.—See Johnson v. Hale, 3 Stew. & Por. 331. Indeed it is the constant practice to allow a bond to be given after the appeal is brought up, if the bond taken by the justice should be defective. It would therefore follow that an appeal could not be dismissed for the want of a bond, if the party appealing will give bond when the motion to dismiss is made.

3. It is also insisted that there is error, because no declaration or statement of the cause of action was filed in the Circuit Court. This very point was ruled against the plaintiff in error, in the case of Coudry et al. v. Henly & Murphy, 4 Stew. & P. 9. In that case, a motion under the statute was made against a constable and his securities, before a justice of the peace, for failing to return an execution. The cause was removed to the County Court, and there tried without a declaration, and this court held that none was necessary.

We can discover no error in the judgment, and it must be affirmed.