## DEMING'S ADM'R *vs.* HAMIL.

[APPEAL CASE FROM JUSTICE'S COURT.]

1. *Examination of parties as witnesses; error without injury.*—The ruling of the primary court, in holding the plaintiff to be a competent witness for himself, in an action against an administrator, (Code, § 2313,) is, at most, error without injury, when the record shows that he only testified to a demand under twenty dollars, as authorized by section 2779.

2. *Same ; remission by plaintiff of part of demand sued for.*—In an action on an open account, commenced in a justice's court, and removed by appeal to the circuit court, the plaintiff may, by a practice long sanctioned in this State, remit the excess of his demand over twenty dollars, and thereby render himself a competent witness for himself under section 2779 of the Code.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. NAT. COOK.

THIS action was brought by A. A. Hamil, against John W. Mallett, as the administrator of E. Deming, deceased ; was commenced before a justice of the peace, and removed by appeal, at the instance of the defendant, to the circuit court ; and on the trial in that court, the following bill of exceptions was reserved by the defendant :

"This was an action on an account. The sum claimed by the plaintiff was twenty-five dollars, alleged to be due to him by the defendant's intestate, on a contract made between them, by which, in consideration of the sale of a house and lot by the plaintiff to said intestate, for two hundred dollars, said intestate paid one hundred and seventy-five dollars, and agreed to pay the remainder in lumber, to be gotten at his mill by the plaintiff. The intestate died a short time afterwards. The plaintiff proposed to prove these facts by his own oath, there being no other witness; to which the defendant objected, because the suit was against him as administrator, and was founded on a contract made by his intestate. The court overruled the objection, and permitted the plaintiff to propose to testify. The defendant then made oath that, according to the best of his knowledge and belief, the testimony proposed to be given by plaintiff was untrue ; and the plaintiff was not permitted to testify. The plaintiff then proposed to strike off all the account, except nineteen dollars and fifty cents ; which the court allowed him to do, against the defendant's objection. The plaintiff then became a witness, and the defendant also ; and judgment was rendered against the defendant, as administrator as aforesaid ; to all of which the defendant excepted."

It is now assigned as error, that the court erred as shown in the bill of exceptions.

PORTER & HENRY, for appellant.

STONE, J.—It is not necessary for us to decide in this case, whether or not the plaintiff below was competent to prove his demand of twenty-five dollars, against the estate of the defendant's intestate. He did not testify to a demand exceeding twenty dollars; and hence, the decision made by the circuit court on this point, whether right or wrong, did not injure the appellant.—Code, § 2779; *McLendon v. Hamblin*, 34 Ala. 86.

[2.] The only remaining exception is, that the circuit court allowed the plaintiff to remit all of his demand over $19 50, and then become a general witness in the cause. That practice has too long prevailed in this State, and received the sanction of this court, to be now open to controversy.—*King v. Dougherty*, 2 Stew. 487; *Bentley v. Wright*, 3 Ala. 607; *Henderson v. Plumb*, 18 Ala. 74; *Crabtree v. Cliatt*, 22 Ala. 181.

The judgment is affirmed.