## J. & M. CALDWELL *vs.* BALDWIN ET AL.

[MOTION TO SUBMIT CAUSE IN SUPREME COURT.]

1. *Appeal; how taken.*—An appeal can only be taken in the manner prescribed by law. The clerk, register, or judge of probate "must certify the fact that such an appeal was taken, and the time when," as a part of the record.

2. *Filing record in supreme court; effect of.*—The *mere filing* of the record in the supreme court, without taking an appeal, and having the same certified as a part of the record, does not have the effect to remove the case into the supreme court.

3. *Same; certiorari, when will not issue.*—In such a case a *certiorari* will not be issued to perfect the record, nor will the case be dismissed; but the party filing such transcript will be permitted to withdraw it without costs.

4. *Supreme court; jurisdiction of, agreement " to submit" cause does not give.*—An agreement between the attorneys of the parties to a suit, "to submit" the matter in controversy to the supreme court, at its next ensuing term, is not sufficient, under the present law of this State, to give the court jurisdiction of such cause.

Motion in this court for *certiorari,* and if refused, to submit cause, based on following facts:

From the transcript filed in this cause, it appears that J.

& M. Caldwell brought an action of assumpsit against J. P. Baldwin, in the circuit court of Pike, recovering a judgment against him by default. S. M. Smyth, county treasurer of Pike, was summoned to answer as garnishee. On the final hearing, the court discharged the garnishee, and the plaintiff excepted."

From the bill of exceptions, which was duly signed and sealed at the plaintiffs' instance, it appears "that the plaintiff and the garnishee, by their attorneys, agreed upon the following state of facts, (here follows the facts), and the garnishee consents that this cause be submitted to the supreme court, at the ensuing June term."

The clerk merely certifies that the transcript "contains full, true and correct, and perfect transcript of the record and proceedings" in said cause.

J. D. GARDNER, *pro motion.*

PETERS, J.—I have looked into the transcript filed in this case, and have not been able to find that any appeal has been taken from the judgment of the court below, and certified to this court. This is necessary in order to bring the cause here, unless it is a case in which this court could exercise original jurisdiction.

The constitution gives the general assembly authority to invest this court "with powers of a judicial nature."—Art. VI, § 1, Const. Ala. But the character of the jurisdiction is prescribed by the constitution itself. This is done in the second section of the VI article. It is in these words : "Section 2. Except in cases otherwise directed in the constitution, the supreme court shall have appellate jurisdiction only, which shall be co-extensive with the State, under such restrictions and regulations, not repugnant to this constitution, as may from time to time be proscribed by law ; *Provided,* That said court shall have power to issue writs of injunction, *mandamus, habeas corpus, quo warranto,* and such other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions."—Art. VI, § 2, Const. Ala.

In conformity with this section of the constitution, the

J. & M. Caldwell v. Baldwin et al.

general assembly has prescribed by law the manner in which this jurisdiction shall be exercised. It is this: "From any final judgment or decree of the chancery, circuit, or probate courts, except in such cases as are otherwise directed by law, an appeal lies to the supreme court, for the examination thereof, as matter of right, on the application of either party, or their personal representatives, and the clerk, register, or judge of probate, must certify the fact that such appeal was taken, and the time when, as part of the record, which gives the supreme court jurisdiction of the case."—Revised Code, § 3485. Without this, the cause is not in this court. The mere filing of the transcript of the record in this court does not bring the case here, and entitle this court to take jurisdiction of it. The restrictions and regulations prescribed by law must be pursued.—Art. VI, § 2, Const. Ala. ; Revised Code, §§ 3485, 3486, 3509, 3498.

No appeal having been taken in this cause, there is nothing on which to base a *certiorari*, in order to perfect the record. The case will not be dismissed, because it is not really in this court, but the party bringing the transcript here and filing it, in this court, has leave to withdraw it without costs.

I am not aware that any authority exists which justifies this court to take jurisdiction of a cause, upon agreement of the parties, which has not been brought here in the manner prescribed by law.

Let the party filing the transcript withdraw it, if he pleases to do so.