# MAY *vs.* COURTNAY, TENNANT & CO.

[ATTACHMENT—PARTIES—BANKRUPTCY.]

| 47 | 185 |
| 99 | 205 |
| 47 | 185 |
| 107 | 252 |
| 47 | 185 |
| 114 | 672 |

1. *Attachment; strangers to, can not move to dissolve, for irregularities, after several continuances.*—Persons, who are mortgagees merely, claiming under a mortgage executed after the levy of an attachment on the mortgaged property, and who are strangers to the attachment suit, have not such an interest as gives them a right on motion as *amici curiæ* or otherwise, to ask the court in which the attachment suit is pending, to dismiss and dissolve the attachment, on the grounds of irregularities in the affidavit and bond for the attachment, when the motion is made after the suit has been pending for several terms.

2. *Persons not parties to the suit below can not appeal.*—Persons not made parties to the suit below can not be permitted to bring a cause to this court by appeal. Nor will they be permitted, after the cause is brought here, to assign errors as parties to the record. If such errors are assigned, they will be stricken out on motion of appellees.

3. *Bankruptcy, discharge; attachment levied in 1866 may proceed to judgment, notwithstanding.*—A suit against one who subsequently becomes a discharged bankrupt, instituted by attachment in 1866, which has been levied in that year on the lands of the defendant, may proceed to judgment in favor of the plaintiff, unless the same is stayed by order of the court of bankruptcy. And the court in which this suit is pending may ascertain, by its judgment, the amount of the plaintiff's debt, notwithstanding the defendant's discharge in bankruptcy.

   *Same; judgment only against property levied on, not erroneous.*—The judgment, in such case, which ascertains the amount of the plaintiff's debt only against the defendant, and directs its satisfaction to be enforced against the property levied on by the attachment, is not erroneous.—Bankrupt Act, § 21.

5. *Same; discharge does not affect lien of attachment levied in 1866.*—An attachment levied on the defendant's property in 1866 is not dissolved by the discharge of the defendant on his petition in bankruptcy, under the bankrupt act of March 2, 1867. In such a case the attachment lien of the plaintiff remains unimpaired.—Bankrupt Act, § 20 ; Rev. Code, § 2955.

APPEAL from Circuit Court of Butler.

Tried before Hon. P. O. HARPER.

The facts are sufficiently set forth in the opinion.

13

CHARLES H. MORSE and JOHN GAMBLE, with whom were RICE & CHILTON, for appellants.—The bill of exceptions is the controlling part of the record as to what occurred in the court below. From it it is plain that the defendant, May, pleaded his final discharge in bankruptcy; that plaintiffs first filed a replication *tending to raise* a question as to the validity of the discharge; that defendant demurred to this replication; that this demurrer was sustained by the court; that the plaintiffs then filed (or "pleaded") another replication which confesses the discharge in bankruptcy, and seeks to avoid its legitimate effect as a bar to a recovery, by averring that "their lien had attached by the levy of their attachment more than four months prior to the filing, by defendant, of his petition in bankruptcy"; that this replication, called a plea, "was sustained by the evidence," and "judgment was rendered for the plaintiff for the sum of $1,788 95"; that the cause went to the jury, and that the verdict did not respond to or touch the plea of final discharge or the last replication thereto. It is an uncontested fact, that the defendant was finally discharged in bankruptcy; and yet the court below, with this discharge duly established before it, rendered a judgment against defendant for $1,788 95 and costs! It is true the judgment entry states that "said judgment is only to be enforced against the property levied on in this case."

The action was not to recover property, but simply a personal action, assumpsit. In such action the court had no authority or jurisdiction to render judgment against the defendant or the property attached, after it was duly established that the defendant had been finally discharged in bankruptcy, on an application made after the action was commenced. Nor can the judgment be sustained on the verdict which did not respond to or decide the issues presented by the pleadings. The errors of the court below in these respects are clear; and a reversal must be had for these errors.

The assignee in bankruptcy never was brought into the circuit court, nor made a party; nor was a day in court or

opportunity ever afforded him to assail the asserted lien of plaintiffs to the attached property. The plaintiffs could not enforce their alleged lien in any court, without giving the assignee in bankruptcy an opportunity to contest that asserted lien; the court of bankruptcy was the court to enforce and secure that lien for plaintiffs, if it existed.

HERBERT & BUELL, for appellees.—Both Malone & Foote and May appeal to this court from the judgment and rulings of the court below, and they join in the bill of exceptions, but sever in their assignments of error.

Appellees now move to dismiss the appeal of Malone & Foote, and to strike their assignments of error from the file, with costs; this should be done, for Malone & Foote were not parties below, and we can not see how persons *not parties* can appeal. If their assignment of errors be stricken out, the court committed no error in overruling May's motions, as he had already appeared and pleaded in bar.

Malone & Foote's motion came too late; they might have made it at the fall term, 1870; they had actual notice prior to that time, as well as constructive notice by the levy of the attachment. Such motions should be made at the first term at which they can be made.—*Gill v. Downs*, 26 Ala. 670; 13th Rule Circuit Court Practice. But it is in the discretion of the court always whether to hear such motions.—*Ex parte Putnam*, 20 Ala. 592; Drake on Attachments.

The attachment was sued out more than four months before the bankruptcy; the lien was therefore preserved. Bankrupt Act, § 14. The judgment entry would have been proper under the bankrupt act of 1841.—*Peck v. Jenness*, 7 How. U. S. Rep. 612. It is valid under the present law. Bump on Bankruptcy (edition of 1871), p. 299; *Bates v. Tappan*, 99 Mass. 376; *Bowman v. Harding*, 56 Maine, 559; *Leighton v. Kelsey*, 57 Maine.

PETERS, J.—The material facts of this case may be stated as follows: On December 12, 1866, Courtnay, Tennant & Co., as plaintiffs, brought suit against May, as de-

feudant, in the circuit court of Butler county. The suit was commenced by attachment, which was levied on the lands of the defendant, May, on the next day after it was issued, and the writ of attachment was regularly returned into court, with the levy indorsed thereon, as required by law. And after the return of the writ the complaint was regularly filed at the spring term of the court, out of which the attachment was issued in 1867. At the fall term following, in 1867, Page, as *amicus curiæ*, appeared and made certain motions : 1st, to strike out the entire levy made by the sheriff; 2d, to quash the attachment; and, 3d, to quash the bond for the attachment. These motions were continued until the spring term, 1868, when they were all refused and overruled. After this, the defendant, May, appeared by his attorney and pleaded, " in short, by consent, *non-assumpsit.*" The cause was then again continued until the spring term, 1871, when Gamble and Morse, as the attorneys of Malone & Foote, who claimed an interest in the lands levied on" as *amici curiæ*, asked to be heard in certain motions to *dismiss* and *dissolve* the attachment for alleged irregularities in the affidavit and bond." It appeared in the proceedings on this application that Malone & Foote had acquired an interest in said lands so levied on by a mortgage, executed to them by May, on the first day of February, 1869, and on the interest growing out of said mortgage the motion was sought to be made. The court refused the application thus made on behalf of Malone & Foote, and the cause proceeded to trial on the issues joined between the original parties to the suit; when the discharge of May in bankruptcy was established, and the amount of the debt sued for was admitted, and a judgment was entered against May for its amount, to be enforced only against the lands levied on. A bill of exceptions was taken, showing these proceedings. Both May and Malone & Foote give appeal bonds to bring the cause to this court. The final judgment against May is the one from which the appeal is taken, and both May and Malone & Foote appear here, and separately assign errors. And the appellees move in this court to dismiss the cause

out of this court and to strike out the errors assigned on behalf of Malone & Foote.  And there is no joinder in errors by the appellees.

The motions will be first disposed of.  The allowance of appeals to this court is wholly by legislative enactment. The sections of the statute giving this right is in these words: " From any final judgment or decree of the chancery, circuit, or probate courts, except in such cases as are otherwise directed by law, an appeal lies to the supreme court, for the examination thereof, as matter of right, on the application of either party, or their personal representatives, and the clerk, register, or judge of probate, must certify the fact, that such appeal was taken and the time when, as part of the record, *which gives the supreme court jurisdiction of the case.*"—Revised Code, § 3485.  " An appeal to the supreme court may be taken before the final determination of the cause, from any judgment or decree, overruling a motion to dismiss a bill for want of equity, or overruling a motion to dismiss or quash an attachment, or sustaining a demurrer to a plea in abatement to an attachment, or sustaining an attachment against matters set up in abatement of it, either in the way of an agreed case, or by plea or otherwise ; but such appeal shall be taken *only after the consent* of the opposite party or his attorney is obtained to its being taken ; and on the trial of such appeal, there shall not be a reversal, if the supreme court discovers that the defect or error alleged or insisted on can be removed or remedied by amendment, under existing laws."—Revised Code, § 3486.  The language thus used can not be enlarged by this court.  Its meaning is perfectly apparent.—43 Ala. 617.  It is evident that Malone & Foote are not persons who come within the description of parties to this suit, nor have they appealed from the judgment overruling their motion to dismiss the attachment.  They were not made parties to the suit in the court below.  There is no judgment against them, either interlocutory or final, in this case,  They can not, therefore, be heard here upon appeal.  The circuit court merely refused to entertain their motion to " dismiss and dissolve the at-

tachment." It did not act upon the motion at all. The levy of the attachment was antecedent to the execution of the mortgage; and the claim under the mortgage was not of such a nature as to displace the levy of the attachment. The levy of an attachment creates a lien in favor of the plaintiff in the attachment, upon the estate of the defendant so levied on, from the levy.—Revised Code, § 2955. And this lien continues until the suit is determined. The execution of the mortgage did not dissolve it or entitle the mortgagees to have the levy dismissed. They did not occupy the position of *bona-fide* purchasers, and were not entitled to notice of the attachment. The mortgage was not a sale, but a mere security for the mortgage debt. They took the land burdened with the lien, and that was all they were entitled to have. Even a vendee under a quit-claim deed merely is not to be regarded as a purchaser *bona fide*, without notice.—4 Kent, 134, 135, marg.; *May v. LeClaire*, 11 Wall. 217. The motion here attempted is an abuse of the office of *amicus curiœ*. The purpose of such motions is to give the court information, when the court is in doubt, but not to force into the litigation parties who are strangers to the suit, and who had no interest in the cause of action when the suit was commenced.—1 Jacob. Law Dict., words *Amicus Curiœ*. Malone & Foote had no right to make such a motion as that here insisted on, and their application for that purpose was properly refused.—*Free v. Howard*, 44 Ala. 195. They are then not parties to this suit, and they are not entitled to insist on their assignment of errors here, and the motion to strike the same from the record must be allowed, with costs.

The assignment of errors by Malone & Foote being stricken out, those that remain on behalf of May are too indefinite and uncertain. They do not conform to the rule of this court, which requires a concise statement in writing of what constitutes the error relied on.—Rule of Practice No. 1; Revised Code, p. 816. Such an assignment of errors is insufficient, and will be disregarded. In this May can not be injured. His bankruptcy protects him against the judgment. And if Malone & Foote have any right supe-

rior to that of the appellees, this litigation can not affect it.—Bankrupt Act, March 2, 1867, § 34; U. S. Statutes at Large, chap. clxxvi, pp. 517, 533.

This suit was pending at the date of May's application to be declared a bankrupt. He might then have applied to the court in which his petition was filed and have had an order to stay the proceedings in the court below until his application in bankruptcy was determined, and if the bankrupt court failed to stay the proceedings thus begun, the State court might proceed to judgment for the purpose of ascertaining the amount due. Here the amount of the judgment was confessed, and judgment was entered only for the amount so confessed or agreed on, and although execution against the defendant is not ordered to be stayed, yet the judgment is ordered to be enforced only against the property levied on under the attachment. Bankrupt Act, § 21, *supra.* Though this may not be a very technical compliance with the law, it does the defendant, May, no injury, and he has no right to complain.—Shep. Dig. p. 568, § 82.

All the bankrupt's property in the mortgaged premises passed by his bankruptcy to the assignee, and he has no interest therein which the attachment can affect.—Bankrupt Act, *supra,* § 14; *Dunn v. Massey,* 6 Ad. & E. 479; *Mays v. Manuf. Nat. Bank,* 64 Penn. And the attachment having been levied long before the passage of the bankrupt act, it is not affected by its provisions. The lien of the attachment is not, in such a case, displaced by the bankruptcy of the defendant.—Act, *supra,* §§ 14, 20.

The judgment of the court below is affirmed, with costs.