# Solomon *v.* Ross.

### *Attachment Case in Justice's Court.*

1. *Civil jurisdiction of justice.* — Under the present Constitution (Art. VI. § 13), the jurisdiction of a justice of the peace, in civil cases, extends to one hundred dollars ; and this provision embraces suits commenced by attachment.

2. *Remittitur of excess above justice's jurisdiction.* — When an attachment is issued by, and returnable before a justice of the peace, and the sum claimed, with interest, exceeds one hundred dollars, the plaintiff may release the excess against the de fendant's objection, and thus bring the case within the jurisdiction of the justice.

3. *Trial on appeal.* — On appeal from a judgment rendered by a justice of the peace (Rev. Code, § 2772), the case must be tried " according to equity and justice, without regard to any defect in the summons or other proceeding before the justice."

4. *Levy of attachment by constable.* — A special constable, appointed by a justice of the peace (Rev. Code, § 842), may execute an attachment returnable before the justice, although the sum claimed with interest exceeds one hundred dollars.

APPEAL from the Circuit Court of Pike. Tried before the Hon. J. McCALEB WILEY.

SEALS & WOOD, for appellant.

J. D. GARDNER, *contra.*

[Solomon v. Ross.]

PETERS, J. — This is a suit commenced by attachment before a justice of the peace, and returnable into the court of the same officer. The writ was issued on the 23d day of December, 1871. The indebtedness stated in the affidavit is "the sum of seventy-five dollars by note bearing date 17th May, due 15th October, 1871," and also about the sum of " twenty dollars in advancements " to aid in making the crop for the year 1871. This attachment was executed and returned by " a special constable," appointed by the justice of the peace who issued the process. On the trial before the justice the record recites that " before the cause was called for trial, on motion of plaintiff's attorney, leave was granted to amend the attachment and affidavit by striking out all the amount therein over $77.31, and relinquishing the same above that sum, which was due October 15, 1871, vs. objections of defendant. Thereupon, a motion was made by defendant's attorneys to dismiss the levy of the marshal, made and returned on said attachment, which motion was overruled and cause continued." After this, judgment was given by the justice for the plaintiff in the attachment, for the sum of $77.31. This latter judgment was no part of the judgment on the motion to dismiss the levy as above said. These judgments were rendered on different days. From the judgment for the seventy-seven dollars and thirty-one cents above said, the defendant in the attachment appealed to the Circuit Court, and there moved " to quash said attachment and levy, because the same is void, being for an amount over and beyond the jurisdiction of the magistrate who issued the same, and the levy being for an amount over the jurisdiction of the constable who made the levy." This motion was sustained in the Circuit Court, and the attachment was dismissed. To this judgment the plaintiff excepted ; and he now brings his case to this court by appeal, and assigns the judgment of the court below for error.

2. I have examined the record, and I do not find the objection to the jurisdiction of the court in the Justice's Court sustained. When this action was commenced, the jurisdiction of a justice of the peace was extended to the sum of one hundred dollars (Const. of Ala. 1867, Art. VI. § 13), and the notary who acted in this case was simply filling the office of a justice of the peace. Const of Ala. 1867, Art. VI. § 13. The sum mentioned in the affidavit was a promissory note for $75.00, and a further sum of " twenty dollars for advancements." These two sums amounted to ninety-seven dollars. This was within the jurisdiction, and nothing above this sum was claimed at the trial. Indeed, the plaintiff greatly reduced it by a relinquishment of the whole of the twenty dollars, and took judgment only for the sum of $77.31. This was very clearly

proper under the practice established by the decisions of this court. *Bentley* v. *Wright*, 3 Ala. 607 ; *Crabtree et al.* v. *Cliatt*, 22 Ala. 181 ; *Henderson* v. *Plumb & Robbins*, 18 Ala. 74, and cases there cited. The case last above cited is, in principle, quite analogous to the present, and fully supports the conclusion above announced. Then, the judgment rendered in the Justice's Court against the defendant, for the sum mentioned in the promissory note, on which the suit was founded, was without error.

3. The trial in the Circuit Court, on an appeal from a Justice's Court, *must* be conducted " according to equity and justice, without regard to *any* defect in the summons or *other* proceeding before the justice." Rev. Code, § 2772. The language of this important and very salutary enactment is quite as broad as it can be made. It covers the defects of every " proceeding before the justice," and commands that the appeal " must be tried according to equity and justice ; " that is, not upon *defects in the proceeding before the justice*, but *only* upon the merits, and in *no other* way. The specification of the command necessarily excludes all other modes than that prescribed for the trial. The court below, then, erred in dismissing the attachment. The trial should have been allowed on the merits. Rev. Code, § 2772.

4. The Constitution is a law. It must be enforced by the courts. All judges are sworn to support it, — which is to give its provisions full effect. Const. Ala. 1867, Art. XV. § 1. By the Constitution, the jurisdiction of a justice of the peace is increased to one hundred dollars. Before this change of jurisdiction, the constable of a precinct was the proper officer of a Justice's Court to execute the process of that court, which was made returnable into the same. Rev. Code, § 841, 842, cl. 3 ; Ib. §§ 850, 3205, 3213, 3240, 3273. A justice of the peace has exclusive authority to issue attachments returnable into his own court. Rev. Code, § 3285 *et seq.* These attachments are properly addressed to any constable of the county. Rev. Code, § 3287. Then the constable in this case was properly appointed, and he had authority to execute the process. Rev. Code, § 842, cl. 3, 3285, 3287. There was no sufficient grounds shown in the court below to set aside the levy, or to dismiss the attachment. The action of the court below cannot be approved. It was erroneous.

The judgment of the court below is therefore reversed, and the cause is remanded for a *new trial*, " according to equity and justice, without regard to any defect in the attachment or other proceeding before the justice." The appellee, said Amos Ross, will pay the costs of this appeal in this court and the court below.