# The South & North Alabama Railroad Company *v.* Brown.

### *Action against Railroad Company for killing Stock.*

1. *Presentment of claims for injury to stock; when sufficient.*—If the railroad company appoints an agent for the special purpose of looking up and reporting injuries done to cattle by its trains, and a claim is preferred to him, and he makes report of it to the company in writing, within sixty days, the presentment is sufficient, under § 1402 of the Revised Code, although such agent is neither the president, superintendent nor depot agent.

2. *Same; what will authorize presumption of.*—Proof that an agent appointed for the purpose of investigating and paying such claims, inquired after plaintiff to settle his claim within sixty days after it accrued, and offered to pay his attorney half the amount claimed, will authorize a jury to infer due presentment.

3. *Charge; when will be presumed correct.*—A charge instructing the jury that the defendant is liable if the plaintiff's colt was killed "under the circumstances" testified to by him, will be presumed to have been correctly given, when there is nothing in the bill of exceptions showing what the "circumstances" were.

4. *Objection to jurisdiction; when too late.*—If suit is brought in a justice's court for an amount of which he has not jurisdiction, the question not being raised there, and on appeal to a court which has jurisdiction a trial is had on the merits, without objection, such want of jurisdiction of the justice cannot be urged on error.

APPEAL from Circuit Court of Jefferson.

Tried before Hon. W. S. MUDD.

Miles Brown, the appellee, brought suit before a notary public, against the South & North Alabama Railroad Company, the appellant, to recover one hundred dollars damages for the negligent killing of his colt. The notary public rendered judgment for the defendant, after trial on the merits, and Brown appealed to the circuit court. In that court a trial was had on plea of not guilty, and the plea of the statute of non-claim of sixty days, under § 1402 of the Revised Code.

From the bill of exceptions it appears that the appellee introduced evidence of the value of his colt, and that it was killed by negligence on the part of appellant's servants, in charge of a train. The plaintiff introduced as a witness one Comer, who testified "that he was section master on that part of the road where the colt was killed; that it was his duty to ascertain and report all the facts connected with the killing or injury of stock, to the road-master of the defendant, in order that defendant might, for its own protection, be informed as to the character of the stock killed and its

[S. & N. A. R. R. Co. v. Brown.]

value; that in performing this duty he sent for plaintiff, two or three days after his colt was killed, and ascertained its age and value, and sent a written report to the road-master, but this was not done at the instance of the plaintiff, nor did he at the time present any written claim for the killing of the colt or make any verbal claim therefor." The plaitiff, however, testified that "he informed Comer that he would look to the company for damages." The attorney for plaintiff testified that within sixty days after the killing, he "had a conversation with Whitfield, the claim agent of the defendant, about the plaintiff's claim, and that in that conversation Whitfield, referring to a paper writing he held in his hand, said: 'Yes, I have got that,' or 'yes, that is in,' and offered to pay witness fifty dollars in liquidation of the claim. Witness did not at that time, present any claim in writing. This was all the evidence in relation to the presentment of the claim."

"The defendant introduced testimony tending to show that at the time of the killing of the colt, the engineer driving said locomotive engine, and the other servants of defendant on the train, were not guilty of any negligence, and that said engineer did all in his power known to skillful engineers to prevent said injury to said colt." The bill of exceptions does not profess to set out all the evidence.

The court charged the jury in substance: 1st, If the colt was killed under the circumstances testified to by the plaintiff, and his claim was regularly presented in writing within sixty days from the killing to the president, superintendent or depot agent of defendant, the plaintiff was entitled to recover, &c. 2d, If the jury believed that Whitfield had been appointed by the defendant, with full power and authority to take, charge of all claims for injuries to stock and to settle and adjust claims for damages, and that having such authority he did seek after and inquire for plaintiff, within sixty days after the colt was killed, in order to settle his claim, as agent of the defendant, and did propose to plaintiff's attorney within that period, to pay him for the claim, that the jury might look to this as evidence going to show that the plaintiff's claim was duly and properly presented.

The defendant excepted to the giving of each of these charges, and requested the court to charge the jury, in substance, as follows: 1st. If the defendant's servants were not guilty of any negligence at the time the colt was killed, the defendant was not liable. 2d. If at the time when plaintiff's colt was injured, the engineer or other servants on defendant's locomotive or train were not guilty of any negli-

gence, and the engineer did all in his power known to skill-ful engineers to prevent injury, such as blowing the whistle, ringing the bell and reversing the engine, then plaintiff can-not recover. 3d. If the witness Comer at the time he made out the report of the injury to the colt was only a section-master of defendant, this would not be a sufficient present-ment of plaintiff's claim, although it reached the proper offi-cer, and plaintiff claimed at the time the amount of the in-jury to the colt.

The court refused to give either of these charges and de-fendant excepted.

The charges given, and the refusal to charge as requested, are assigned for error, as also that the court below was with-out jurisdiction to render the judgment appealed from, it be-ing in excess of a magistrate's jurisdiction, the appeal being from a notary public's court.

HEWITT & WALKER and RICE, JONES & WILEY, for ap-pellant.

ELLIS PHELAN, contra.

BRICKELL, C. J.—The object of the statute (R. C. § 1402), in requiring a speedy presentment to a railroad com-pany of a claim for damages, because of injuries to stock, is, that the company may have an opportunity, soon after the occurrence of the injury, to inquire into its circum-stances, and determine whether the claim should be paid or litigated. The presentment may be made by the party claiming the damages, or by any of the employees of the company, informed by him of the existence of his claim. If the company appoints an agent for the special purpose of re-porting such claims, and the claim is preferred to such agent, who makes report of it in writing to the company within sixty days, whether he be the president, or superintendent, or depot agent, or not, the presentment is sufficient. The company devolves on the agent thus appointed the duty it is contemplated the president, superintendent, or depot agent, would perform, that of communicating to it the existence of the claim; and if the report is in writing, the present-ment is in writing, and the purposes of the statute are satisfied.

The company is put on inquiry as to the claim, and de-rives every benefit the statute intended to confer. There was no error in the refusal of the third charge requested by the appellant nor was there error in the second charge given

[S. & N. A. R. R. Co. *v.* Brown.]

by the court. The fact that appellant had an agent charged with the duty of taking charge of and paying claims for damages to stock; that he inquired for the plaintiff within sixty days after the claim accrued, to settle his claim, and his proposal to pay plaintiff's attorney one-half of the sum claimed, were facts from which the jury were authorized to infer a presentation of the claim.

The bill of exceptions does not purport to set out all the evidence. It does not show under what circumstances the colt was killed, nor at what place on the railroad. Its only recitals are that the plaintiff introduced evidence tending to show the killing was the result of negligence; and that the defendant offered evidence tending to show there was no negligence, and that the "engineer did all in his power, that is known to skillful engineers, to prevent" the injury. The charge that if the colt was killed under the circumstances testified to by the witnesses for the plaintiff, the defendant was liable, may have been proper. Its propriety depends altogether on the circumstances, and we must presume they were such as to warrant the charge. In *Mobile & Ohio R. R. Co.* v. *Williams, ante* p. 595, we had occasion to consider the statutes regulating the liability of railroad companies for injuries to domestic animals straying on its unenclosed track, and announced as our conclusions that when the plaintiff proved injury and ownership, the duty of showing that the injury was not caused by negligence was cast on the railroad company. If the injury occurred at either of the places mentioned in section 1399 of the Revised Code, the company could relieve itself from liability only by evidence that it had observed all the requirements of that section. If there was negligence, it was not material that these requirements had been observed; and that there was not negligence, if they were not observed, would not relieve from liability. The first and second charges requested, we must presume, were refused because not pertinent to the evidence. The injury may have occurred at one of the places at which the company was bound to observe the requirements of section 1399, and it may have been shown these requirements were not observed. If such was the evidence, the charges were properly refused, and we must presume, the bill of exceptions not repelling the presumption, they were refused on this ground.

Under the decision in *Taylor* v. *Woods*, 52 Ala. 474, the damages claimed being one hundred dollars, the action was without the jurisdiction of a justice of the peace, or a notary public, having the civil jurisdiction of a justice. No objec-

[S. & N. A. R. R. Co. *v.* Brown.]

tion to the jurisdiction by plea in abatement, or otherwise, was made in the circuit court, but the appellant pleaded to the merits, thereby admitting the cause was properly before a court of competent jurisdiction. The decisions of this court are uniform that the circuit court, being a court of general jurisdiction, not limited by the amount in controversy, in original suits, when a cause is introduced into it by appeal from the judgment of a justice of the peace, it is competent for the parties to assent to the decision of the controversy, though the sum claimed exceeds that of which the justice has jurisdiction. The rule that consent cannot give jurisdiction does not apply. If the defendant against whom judgment is rendered does not by plea in abatement, or otherwise, object to the jurisdiction in the circuit court he cannot assign a want of it as error. *Bentley* v. *Wright*, 3 Ala. 607; *Pruitt* v. *Stewart*, 5 Ala. 112; *Vaughn* v. *Robinson*, 20 Ala. 229, S. C.; 22 Ala. 519; *Waring* v. *Gilbert*, 25 Ala. 395.

The judgment is affirmed.