(84 South. 563)

### KEY v. HAYNES. (7 Div. 589.)

(Court of Appeals of Alabama. Nov. 11, 1919.)

1. JUSTICES OF THE PEACE ☞208(2)—CLAIM SUIT REMOVED FROM JUSTICE COURT TRIED DE NOVO.

A claim suit, removed from justice court by certiorari, is tried de novo.

2. ATTACHMENT ☞296, 298—CLAIMANT'S AFFIDAVIT AND BOND JURISDICTIONAL.

The affidavit and bond required of a claimant in attachment are jurisdictional.

3. ATTACHMENT ☞309—COURT CANNOT MAKE UP ISSUE BETWEEN PLAINTIFF AND CLAIMANT, UNLESS WRIT, AFFIDAVIT, AND BOND HAVE BEEN RETURNED.

In attachment proceeding, it is only where the writ, affidavit, and bond have been returned into court that the court has authority, under Code 1907, § 6040, to make up an issue between the plaintiff and the claimant.

4. JUSTICES OF THE PEACE ☞196(1) — NOTWITHSTANDING PAYMENT BY SURETY ON CLAIMANT'S BOND, CAUSE STILL PENDING.

Notwithstanding surety on the bond of a claimant in attachment had paid the amount of the recovery ordered by the justice, yet where the sheriff had not made return of the money, and it had not been disbursed, the cause was still pending in justice court, so that it might be removed by certiorari.

5. JUSTICES OF THE PEACE ☞199—SURETY ON BOND CANNOT, BY PAYING JUDGMENT, PREVENT PRINCIPAL FROM TAKING CASE TO CIRCUIT COURT.

The surety on the bond of a claimant of attached property cannot, where the justice forfeited the bond and rendered judgment against the claimant and the sureties, prevent the claimant from taking the case to the circuit court by paying the amount of the recovery.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

Claim suit between A. U. Key, plaintiff in attachment, and Z. A. Haynes, with judgment for claimant, from which plaintiff appeals. Reversed and remanded.

Walter S. Smith, of Lineville, for appellant.

The circuit court was without jurisdiction to hear the suit. 108 Ala. 359, 19 South. 386; 78 Ala. 147; 74 Ala. 475; 77 Ala. 590; 122 Ala. 329, 25 South. 241; 9 Corpus Juris, 7; 30 Cyc. 1132; 64 Ala. 468.

McKay & Crumpton, of Ashland, for appellee.

There was no payment or other satisfaction. 58 Ala. 147; 8 Ala. 314; 167 Ala. 461, 52 South. 402; 11 Ala. App. 563, 66 South. 839.

SAMFORD, J. On December 18, 1917, Z. A. Haynes filed a claim bond in the justice court of T. J. Orr, claiming certain property that had theretofore been levied on by attachment, in a suit wherein A. U. Key was plaintiff and Aaron Key was defendant. So far as the record discloses, there was no affidavit asserting the claim, as required by the statute; but on December 29, 1917, trial was had in the justice court and judgment ren-

dered in favor of the plaintiff, finding that the property was liable to the writ, and a judgment against the original defendant. On January 11, 1918, the claimant having failed to deliver the property described in the claim bond, the bond was forfeited, and recovery was ordered against claimant and her sureties, and execution issued. On February 2, 1918, the sheriff collected from J. D. Haynes, one of the obligors on the bond, $84.35 in full satisfaction of the execution, and made the return to the court. On February 23, 1918, the money was paid to the plaintiff. On February 5, 1918, the clerk of the circuit court issued a writ of certiorari, directed to the justice of the peace, commanding him to certify the cause then pending in his court, wherein "A. U. Key is plaintiff and Z. A. Haynes is claimant." In response to this writ, the justice certified the proceedings as above. On the call of the case in the circuit court, the plaintiff moved to dismiss the cause; one of the grounds of the motion being that the cause had been settled between the parties and the costs paid when the cause was docketed. This motion was overruled. On the trial, the plaintiff offered in evidence the various court papers, judgments, and returns in the justice of the peace court, and requested in writing the general charge. The court refused to admit the evidence, and refused the instruction as requested.

[1-3] It is insisted, on the part of appellant, that the circuit court was without jurisdiction to try and determine the claim suit. The cause in the circuit court was triable de novo. The affidavit and bond required of the claimant are jurisdictional, without which the court may not proceed. House v. West, 108 Ala. 355, 19 South. 913; Mobile Life Ins. Co. v. Teague, 78 Ala. 147. The record in this case fails to show a claim for the property, such as would authorize the court to make up an issue. It is only where the writ, affidavit, and bond have been returned into court that the court has authority to make up an issue under section 6040 of the Code of 1907. If there had been an affidavit, and it was lost, the claimant might have substituted it; but this was not done. On the record, as it here appears, without the affidavit, the trial court was without jurisdiction to try the case.

[4, 5] The next question presented is: Was the claim suit pending in the justice of the peace court at the time of the service of the writ of certiorari? Of course, if the claimant paid, or authorized the payment of, the judgment in the justice court, it would have been a settlement of the case, and there would have been no "cause pending" in that court to support the certiorari. But that was a disputed question of fact, and on its submission to the jury the issue was found against the plaintiff. It is true the facts show, without dispute, that J. D. Haynes, one of the obligors on the claim bond, after the bond had been returned forfeited, and Judgment had been entered and execution issued thereon, paid the amount of the judgment and costs to the sheriff, and the sheriff made return to the justice court of the money; but before the money had been disbursed, and while it was in the hands of the court, the writ of certiorari intervened and transferred the entire cause to the circuit court, there to be tried de novo. Guscott v. Roden & Co., 112 Ala. 632, 21 South. 313. The claimant still had the right to have her case tried de novo in the circuit court, and, pending that right, her surety could not fix her liability to him by a payment of the judgment without her consent.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.