(123 So. 293)

**W. K. SYSON TIMBER CO. v. STATE et al.**
**(1 Div. 820.)**

Court of Appeals of Alabama. June 29, 1929.

George A. Sossaman, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for appellees.

RICE, J. W. K. Syson, doing business under the name and style of W. K. Syson Timber Company, made application, in writing, to the probate judge of Mobile county, under the provisions of sections 375 and 376 of the Revenue Act 1919 (Acts 1919, p. 445), seeking a refund of the money paid by him for state and county license under the requirements of schedule 126 of section 361 of said Revenue Act. The probate judge denied the application. Thereupon, the applicant gave notice of appeal to the circuit court of Mobile county. The circuit court of Mobile county affirmed the action of the judge of probate.

This appeal is taken from the decree of the circuit court of Mobile county; said decree of the circuit court being assigned by appellant as error.

Appeals are entirely of statutory creation, and in absence of a statutory provision for an appeal, such appeal cannot be maintained. Ex parte Jonas, 186 Ala. 567, 64 So. 960; May v. Courtnay, 47 Ala. 185.

Section 375 of Revenue Act 1919 provides for a refund of money paid by any person to the judge of probate, through error or mistake on the part of the judge of probate, for license. Section 376 of said act provides: "On the application of any such person, his executor, administrator, or assigns, the judge of probate for the county in which such license was taken out shall proceed to ascertain the amount due such applicant under the provisions of the preceding section, and

shall grant such certificate as will enable the State Auditor and the Court of County Commissioners to draw his warrant, or their order, respectively, and such warrant or order shall be paid out of any moneys in the State Treasury, or the County Treasury, not otherwise appropriated."

The application is not required even to be in writing. There is no provision, nor necessity, for giving notice to any other party, and there is no provision for appeal from the granting or refusing to grant the certificate. It follows that the circuit court of Mobile county acquired no jurisdiction of the matter, and its decree is a nullity for want of jurisdiction.

The question whether a ruling or action will support an appeal is jurisdictional and cannot be waived. Meyers et al. v. Martinez et al., 162 Ala. 562, 50 So. 351; Crow v. Crook, 123 Ala. 657, 27 So. 334; Nabers v. Morris Min. Co., 103 Ala. 543, 15 So. 850; Clark v. Spencer, 80 Ala. 345; Throne-Franklin Shoe Co. v. Gunn, 123 Ala. 640, 26 So. 198.

The judgment or decree of the circuit, being a nullity, will not support this appeal.

Appeal dismissed.