(130 So. 520)

## WASHAM et al. v. WELDON.

### 6 Div. 639.

Court of Appeals of Alabama

Oct. 28, 1930.

Vaughan & Davis, of Birmingham, for appellants.

J. H. Ward, of Birmingham, for appellee.

BRICKEN, P. J.

Before the decision of the Supreme Court in the case of State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36, holding unconstitutional the so-called Birmingham court of common pleas (which was attempted to be created by an act of the Legislature, Loc. Acts 1927, p. 346), the appellee, in this case, had brought suit therein (if the proceedings in an unconstitutional court may be so denominated), against appellants here, upon a promissory note for $100. The said Birmingham court of common pleas rendered a judgment in the plaintiff's favor and the defendants appealed therefrom to the circuit court. The plaintiff refiled in the circuit court his complaint, and defendants thereupon filed a plea setting up the invalidity of the proceedings in the primary court. This plea was stricken on motion of appellee, and upon a final hearing a judgment was rendered in the circuit court in favor of appellee and against appellants. The error assigned here is sustaining the motion to strike.

We know of no direct authority, and have been cited to none in this state, decisive of this question. The case is one of which the circuit court had original jurisdiction (Code 1923, § 6676(1), and it may be well contended that, irrespective of any jurisdiction in the primary court, when the case reached the circuit court the parties might have waived any question of jurisdiction and proceeded to judgment. Such has been done in former cases. Anderson v. Winton, 136 Ala. 422, 34 So. 962; Anders Bros. et al. v. Latimer et al., 198 Ala. 573, 73 So. 925; South & North Ala. R. R. Co. v. Brown, 53 Ala. 651. The appellants did not so waive, but, on the contrary, filed a plea as above indicated, and the question arises as to whether or not that plea was properly stricken.

The Supreme Court has held in effect that if a justice had no jurisdiction the circuit court on appeal acquires none if the question be raised. Sou. Ry. v. Goggins, 198 Ala. 642, 73 So. 958. Indeed, in Crabtree v. Cliatt, 22 Ala. 181, the Supreme Court held the circuit court, on appeal, might ex mero motu dispose of the cause of which the lower trial court had no jurisdiction. The case of Webb v. Carlisle, 65 Ala. 313, is more nearly in point. There, an unconstitutional statute sought to confer additional jurisdiction upon the primary court and, on appeal, it was declared that the circuit court was vested with the privilege, if not the duty, to repudiate the cause.

It results from the foregoing that, in our view, the lower court erred in striking the appellant's plea. Instead of striking the plea, the circuit court should have dismissed the cause from its docket, and a judgment to that end will be entered here.

Reversed and rendered.