## STEPHENSON & BERNARD REALTY CO. v. SHEEHAN.

### 6 Div. 120.

Court of Appeals of Alabama.
Nov. 8, 1932.

Lange, Simpson & Brantley and W. P. Rutledge, all of Birmingham, for appellant.

Harold M. Cook and Crampton Harris, both of Birmingham, for appellee.

Brief did not reach the Reporter.

BRICKEN, P. J.

This appeal is upon the record, which shows that on May 28, 1929, the appellants filed a summons and complaint and sued out an attachment in the Third division of the municipal court of Birmingham, an inferior court established in lieu of the justice of the peace court, against Mary Hightower for $60 rent; that the attachment was executed on May 20, 1929, some eight days before it was filed, if the record is to be believed. However that may be, the record further informs us that on the 7th day of June, 1929, a judgment was rendered for plaintiff for $60, and the property levied on condemned to the satisfaction of the judgment. It appears that on the 12th day of June, 1929, one J. C. Sheehan appeared and filed a claim bond, and on the 20th of July, 1929, a judgment was rendered for plaintiff and against the claimant. On July 24, 1929, claimant appealed to the circuit court by filing an appeal bond, which was approved as required by law. On May 20, 1931, the circuit court disposed of the case by a ruling contained in a minute entry, which is set out in the report of the case. On June 29, 1931, the appellant prosecuted an appeal to this court to review the judgment of the circuit court.

Under section 10375 of the Code 1923, the affidavit and bond are each jurisdictional; one is as jurisdictional as the other. Key v. Haynes, 17 Ala. App. 229, 84 So. 563; McDonald v. Stephens, 204 Ala. 359, 85 So. 746.

■ The record in this case failing to disclose that the required affidavit was filed in the municipal court, its judgment was void. Such being the case, there was nothing to appeal from. It follows that the judgment of the circuit court was void and would not support an appeal to this court.

■ The result is, this appeal must be and is hereby dismissed. Washam et al. v. Weldon, 24 Ala. App. 92, 130 So. 520; W. K. Syson Timber Co. v. State et al., 23 Ala. App. 261, 123 So. 293; First National Bank of Russellville v. Welch, 22 Ala. App. 615, 118 So. 675.

Appeal dismissed.