22 So.2d 616

## ALABAMA GREAT SOUTHERN R. CO. v. CAMPBELL.

### 7 Div. 841.

Court of Appeals of Alabama.

June 26, 1945.

180

23 So.2d 10

John A. Lusk, Jr., of Gadsden, for appellant.

Scott & Dawson and C. A. Wolfes, all of Fort Payne, for appellee.

RICE, Judge.

There seems no question but that "unless allowed by express statutory provision, a(n) * * * appeal will not lie from the verdict of a jury without an entry of judgment thereon." 4 C.J.S., Appeal and Error, § 153, p. 331. Of course we have no Statute allowing any such appeal.

And our Supreme Court said in the opinion in State ex rel. Garrow et al. v. Grayson, Judge, 220 Ala. 12, 123 So. 573, 576: "This court has also declared that such a final judgment as will support an appeal is necessary to confer jurisdiction on appeal; and the lack thereof cannot be waived."

It has further said that the cause is in fieri until judgment is rendered on the verdict of the jury. Box v. Metropolitan Life Ins. Co., 232 Ala. 1, 168 So. 216.

The only "judgment" in the record sent up here on this appeal is, in so far as material to the point we are deciding, in words and figures exactly as follows, viz.: "On the 12th day of February, 1945, issues being joined between the parties, comes a jury of good and lawful men to-wit: James H. Chandler and eleven others who being duly selected, empanelled, sworn, and charged according to law on their oaths do say: 'We, the jury, find the issues in favor of the plaintiff against the defendant, The Alabama Great Southern Railroad, a Corporation, in the sum of $375.00 damages.'"

This is not a final judgment, as at once appears. It will not support the appeal. Code 1940, Title 7, Section 754.

And the same must be dismissed. W. K. Syson Timber Co. v. State et al., 23 Ala. App. 261, 123 So. 293.

It is so ordered.

Appeal dismissed.