# Wynn, et al., v. McCraney, et al.

*Action on Clerk's Official Bond for Failure to Enter Judgment.*

(Decided May 21, 1908.   46 South. 854.)

1. *Judgments; What Constitutes; Entry on Trial Docket.*—The trial docket is not a record, and the memoranda entered thereon by the judge operated only as a direction to the clerk as to what judgments and orders shall be entered on the court's records, so that such a memorandum is not a judgment upon which execution can issue.

2. *Same; Entry; Time; Power to Enter After Adjournment.*—A clerk has no power to enter a judgment upon the minutes after the court has finally adjourned.

3. *Evidence; Judicial Notice.*—That the trial docket is used by judges for making memoranda of orders and judgments rendered in pending causes, and that such judgments and orders are written in the minute books in which is kept each day's proceedings during the term and which book is the sole memorial of their existence, is a matter of judicial knowledge.

4. *Clerks of Courts; Liability on Bond; Failure to Issue Execution; Complaint.*—In an action on the bond of a circuit clerk for a failure to issue execution on. judgment, a complaint which avers that plaintiffs obtained judgment for $227, as shown by the judg-

ment entry on the trial docket of said court is the equivalent only of an allegation that the judgment entry was shown by the judges memoranda on the trial docket and fails to sufficiently allege a judgment upon which execution could lawfully issue.

5. *Appeal and Error; Harmless Error; Ruling on Pleas.*—Where on the proof adduced, the defendant was entitled to the general affirmative charge on certain pleas, which were given, it was harmless error to plaintiff to have overruled demurrers to other pleas.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Action by James J. Wynn, Jr., and others, on the official bond of M. J. McCraney clerk of the circuit court of Barbour county, for failure to issue execution. Judgment for defendant and plaintiff appeals. Affirmed.

G. L. COMER, and G. W. WYNN, for appellant. The court erred in sustaining demurrer to the second count. —Secs. 3289-3331, Code 1896; 111 Ala. 248; 92 Ala. 326; 8 6Ala. 324; 69 Ala. 180; 63 Ala. 361. The court erred in not sustaining demurrers to the pleas.—Subd. 7, sec. 944, Code 1896; Sec. 2642, Code 1896; sec. 898, Code 1896.

PEACH & THOMAS, for appellee. No valid execution could issue on such a judgment.—*Brightman & Co. v. Merriwether*, 121 Ala. 602; *Tombeckbee Bank v. Godbold*, 3 Stew. 240. On the uncontradicted proof as to some of the pleas plaintiff was entitled to the affirmative charge, and it was error without injury to overrule demurrer to others. The memoranda of the judge are not records.—24 A. & E. Ency. of Law, 169; *Condon v. Enger & Co.*, 113 Ala. 233; *Morgan v. Fletcher*, 105 Ala. 356.

DENSON, J.—The undisputed facts shown by the record may be summarized as follows: The plaintiffs (appellants here) brought an action in the circuit court

of Barbour county against W. M. McPherson. That cause was pending on the trial docket at the November term, 1903 (a two-week term), of said court, and was set by the clerk for trial on Tuesday, November 3, 1903; that being the second day of the term. At the request of the plaintiff's attorney the cause was passed until the last day of the term, and the judge made a pencil memorandum of this fact on the trial docket, opposite the statement of the cause. The civil docket was concluded about the middle of the first week, and the clerk entered in the minutes of the court all judgments that had been rendered in civil causes, and the civil minutes were carried to the clerk's office, together with the trial docket. The second week of the term was devoted to the trial and disposition of criminal causes. All criminal causes were disposed of by the middle of that week, and the jurors were discharged; but the court was kept open informally until it was adjourned on Saturday, the 14th of November, late in the afternoon. Late Saturday afternoon, two attorneys, interested in a motion for a new trial that was pending, met the presiding judge on the street and requested him to go and hear the motion. The judge and attorneys repaired to the clerk's office on the first floor of the courthouse, the courtroom being on the second floor, and proceeded to hear and dispose of the motion. At the conclusion of the hearing the attorney for the plaintiffs in the cause which had been passed placed the civil trial docket before the judge and asked him for a judgment by default, for plaintiffs in the cause, for the sum of $227. The judge, in response to the request, made the following memorandum on the docket, opposite the statement of the cause: "Nov. 14, 1903. Judgment by default for plaintiffs for $227; waiver of exemptions as to personal property"—and immediately after making the entry on the docket the

judge signed the minutes adjourning the court sine die. There was no proclamation that the court was in session, nor was any notice whatever given that the court would be, or had been, convened in the clerk's office, or elsewhere, that afternoon. The sheriff and clerk were not present, and no notice had been given either of them that the court would be convened in the clerk's office, or that the judge would make any entries in causes; nor was an inquiry made for the clerk. It is further shown that all judgments rendered in causes, civil and criminal, during the term, had been entered in the minutes of the court at the time the memorandum was made by the judge that afternoon. The clerk was not notified that the entry had been made in the cause; nor was he aware that the entry had been made, until on the 28th day of December, 1903, when the plaintiff's attorney called for an execution on the judgment, and notified the clerk of the entry made in the cause by the judge. The clerk then wrote in the minutes a judgment in conformity with the entry on the trial docket and issued execution thereon; but the defendant had prior to that time disposed of all his property, and the plaintiffs lost their debt.

The present suit was brought by the plaintiffs against the clerk and the surety on his official bond for breaches of the conditions of the bond, in that the clerk failed to enter the judgment rendered for the plaintiffs against McPherson in the minutes of the court, and in another count for that the clerk failed to issue execution on the judgment within 15 days after it was rendered. It is the subject of express decision by this court that entries of the kind made by the judge in the cause against McPherson on the 14th day of November, 1903, are merely docket memoranda of the presiding judge, intended, and operating, only as directions to the clerk as to what

judgment should be entered on the records of the court, and that the trial docket is not a record.—*Morgan v. Flexner,* 105 Ala. 356, 16 South. 716; *Brightman v. Meriwether,* 121 Ala. 602, 25 South. 994; *Baker v. Swift & Son,* 87 Ala. 530, 6 South. 153. This being true, it must follow that no execution could lawfully have been issued on such memoranda, the memoranda did not form the proper foundation for an execution, and consequently no breach of the bond could be predicated on the fact that execution was not issued thereon.—Authorities supra.

The second count of the amended complaint, in respect to the rendition of judgment (omitting the statement of the term of the court), avers that "plaintiffs obtained and secured a judgment in said court against one W. M. McPherson for the sum of $227, with waiver of exemptions as to personal property, as shown by the judgment entry on the trial docket of said court." The statute (Civ. Code 1896, § 934) makes it the duty of the clerk to keep a trial docket of civil cases, in which must be entered all the civil cases standing for trial at each term, in the order in which they are brought, the names of the attorneys employed, the character of the action, and the orders which have been made in each cause at any previous term. It is the uniform practice, in all the courts of the state, for the presiding judge to use the trial docket for making memoranda of orders and judgments rendered in causes pending for trial in the court; and, aside from the statutory prescription as to the purpose of such docket, this court judicially knows that judgments are not entered on the trial docket; that only the judge's bench notes, or directions to the clerk, are there entered. Moreover, subdivision 8 of sction 934 of the Civil Code of 1896 requires the clerk "to keep a book, in which must be entered the minutes of each day's pro-

[Winn, et al. v. McCraney, et al:]

ceedings during the term of the court, and the orders and judgments, in the order in which they are made and rendered." This book, the court judicially knows, is the one in which judgments are written (recorded), and is the sole memorial of the existence of the judgment. Construing the averments of the count under consideration most strongly against the plaintiffs, they are only the equivalent of an averment that the judgment is shown by the judge's memoranda on the trial docket, and nothing more. This being true, the count fails to show such a judgment as execution could be lawfully issued on, and of consequence fails to show a substantial cause of action for a breach of the bond. The demurrer to the count properly takes the point, and the court committed no error in sustaining it.

The only counts on which the trial was had predicate a breach of the bond on the failure of the clerk to enter on the minutes of the court the judgment from the bench notes made by the presiding judge on the trial docket. We shall discuss this phase of the case in respect to the defenses presented by pleas 2 and 5. Granting, for argument's sake, that the clerk was present with the presiding judge at the time the memorandum was made in the cause by the judge on the trial docket, yet if (as is averred in plea 5) the judge, immediately after rendering the judgment, and before the clerk had time to record it in the minutes, signed the minutes and adjourned the court without day, it would be a harsh rule indeed that would hold the clerk for a breach of his bond for failure to record the judgment in the minutes during term time. The law is reasonable. Courts are reasonable, and should never require the impossible of any person. But, according to the averments of plea 2, the judge, without any notice to the clerk, and without waiting for the clerk's presence, made the memorandum in

the cause and immediately signed the minutes of the court, adjourning it sine die. It necessarily follows from this that no time was allowed the clerk in which to record the judgment in the minutes during term.

The question then arises: Was it the duty of the clerk to record the judgment after the court was finally adjourned for the term? Had he the power to do it? If, as is held by the cases heretofore cited in this opinion, the bench notes do not constitute the judgment, but merely serve as directions to the clerk as to what judgment should be rendered, it would seem to follow that it requires the entry of judgment to be made during the term. The requirement of the statute that the clerk shall "keep a book, in which must be entered the minutes of each day's proceedings during the term of the court, and the orders and judgments, in the order in which they are made or rendered," carries the implication that until that is done the judgment is inchoate only. It is incomplete. Though possessing the character of potentiality, it lacks the character of actuality, and hence is without probative force. This view is strengthened by that other statutory requirement (though construed to be directory) that the minutes of the court must be read each morning in open court, and on the adjournment of the court must be signed by the judge.—Civ. Code 1896, § 2641. Under our practice, the court retains control of its journals during the term, during which time it may add to, strike out, or alter that which is on the journals, or incorporate new matter. "On the final adjournment, however that control is lost. This we take to be elementary." "Confessedly, the judge cannot in vacation render a judgment, nor can he make an order affecting a judgment which he had in fact pronounced in term time —an order necessary to complete the judgment and make it effective."—*Adams v. Wright,* 129 Ala. 305, 30

[Baggett v. Alabama Chemical Co.]

South. 574; *Coe v. Erb*, 59 Ohio St. 259, 52 N. E. 640, 69 Am. St. Rep. 766. If the judge cannot do so, certainly the clerk cannot. It would be a most dangerous practice to leave it to the clerk to enter the judgments rendered, without the supervision of the judge. Our conclusion is that the clerk has no power or authority to make judgment entries after the circuit court has finally adjourned.

The demurrers to pleas 2 and 5, if they are not general demurrers, are without merit, and the court committed no error in overruling them. The facts alleged in the pleas were proved without conflict in the evidence, and the defendant was entitled to the general affirmative charge, irrespective of other defenses set up in pleas 3 and 4; and in this view whether the court committed error in overruling demurrers to those pleas we need not inquire.—*Mizzell v. Southern Ry. Co.*, 132 Ala. 504, 31 South, 86.

There is no reversible error in the record, and the judgment of the circuit court will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON, JJ., concur.