# Lockwood, *et al. v.* Thompson & Buchmann.

### Motion to Retax Cost.

(Decided December 7, 1916. 73 South. 504.)

1. Costs; Retaxing; Hearing.—Under § 3684, Code 1907, a motion to retax costs made by sureties on an appeal bond may be heard at the next ensuing term of the court.

2. Justices of the Peace; Appeal from; Judgment.—Where the judgment in the justice court is for the plaintiff in an action of attachment for rent

and an appeal is taken to the circuit court, and the judgment of the justice court is affirmed, the judgment of the circuit court should be against the sureties on defendant's appeal bond as well as against the defendant in attachment, and must include the costs of both courts (§ 4725, Code 1907).

3. **Judgments; Entry; Statute.**—Construing §§ 3272, sub., § 8, 4140, 4725, 5732 and 5733, Code 1907, it is held that the circuit court retains control of the minutes and journal entries throughout the term, and, until adjournment, has the power to alter, amend or incorporate new matter, and that a journal entry or formal judgment enrolled on the minutes of the court will prevail over the bench note in the event there is an irreconcilable conflict.

APPEAL from Cullman Circuit Court.

Heard before Hon. R. C. BRICKELL.

Action by Thompson & Buchmann against J. P. Lockwood and others for rent. There was judgment for plaintiff in the justice of peace court and the defendants are the appellant and sureties on an appeal bond to the circuit court. After judgment for plaintiff in the circuit court against defendant and the sureties on his appeal bond the sureties entered a motion to retax the costs, and their motion being overruled they appeal. Affirmed.

Transferred from the Court of Appeals under Acts 1911, p. 450.

J. P. LOCKWOOD, for appellants.    A. A. GRIFFITH, for appellee.

THOMAS, J.—This cause was begun in the justice court by Thompson & Buchmann's attaching for rent as landlords. From a judgment for plaintiffs, the defendant S. P. Williams appealed to the circuit court, with J. P. Lockwood, J. W. Austin, and C. C. Copeland as sureties on his appeal bond.

The circuit judge's trial docket (March 8, 1915) recited the fact as follows:

"Jury and verdict for the plaintiff for $11.00. Property levied on condemned and ordered sold for satisfaction of the judgment."

On this memorandum the clerk of the court entered a formal judgment as follows:

"On this the 8th day of March, 1915, come the parties by attorneys. Thereupon issue being joined on plea of general issue, with leave to plead anything, which would be good in bar if specially pleaded. Come a jury of good and lawful men, to-wit, N. D. Mayo and eleven others, who being duly [s]elected, impaneled and sworn according to law, upon their oaths do say, 'We the jury find the issue in favor of the plaintiffs and assess

[Lockwood, et al. v. Thompson & Buchmann.]

their damages at eleven ($11.00) dollars,' and it appearing to this court that this suit was brought into this court by appeal from the justice court, and that the defendant executed an appeal bond in the sum of thirty-eight ($38.00) dollars, with waiver of exemptions, with J. P. Lockwood, J. W. Austin and C. C. Copeland as sureties thereon, conditioned to prosecute said appeal to effect, and failing therein to pay such judgment, both as to debt and costs, as may be rendered against the defendant by this court, and the defendant failing therein, it is ordered and adjudged by the court that the plaintiffs Thompson & Buchmann have and recover of the defendant S. P. Williams and his sureties, J. P. Lockwood, J. W. Austin and C. C. Copeland, on said appeal bond, the sum of eleven ($11.00) dollars, together with the costs of this court, and the court below, in this behalf expended, for which let execution issue with waiver of exemptions indorsed thereon, not, however, to exceed the amount of said appeal bond as to sureties."

This judgment entry contained the further provision of condemnation of the property levied upon.

(1) When execution was issued on the judgment, the sureties on the appeal bond filed a motion under section 3684 of the Code of 1907 to retax the costs. Such a motion may be heard at the next ensuing term of the court.—*Briley v. Hodges*, 3 Port. 335.

(2) However, at the fall term (September 28, 1915), of the circuit court, the sureties, in lieu of their motion to retax the costs, moved for an amendment of the judgment nunc pro tunc, so that their names and liability fixed be expunged from said minute entry; and that the clerk be required to enter a judgment on said verdict, to the effect that the plaintiffs have and recover of the defendant S. P. Lockwood, only, the sum of $11, with right to execution therefor, and that the property attached at the instance of the plaintiffs be condemned and ordered sold for the satisfaction of the judgment.

This motion, which was heard on the 28th of September, 1915, was overruled; defendants being taxed with the costs in that behalf expended. From such ruling the appeal is taken, and error thereto is now assigned.

Appellants' theory is that the "minutes must follow the judge's notes, no matter if these points to an erroneous judgment;" that the judge's memorandum: "Jury and verdict for plaintiff for $11.00. Property levied on, condemned and ordered

sold for satisfaction of the judgment"—without more, was one purely in rem, and that not even the defendant in attachment was bound thereby in personam. On the other hand, the appellees insist that the bench notes were mere directions to the clerk to aid him in writing the formal judgment of the court, and that the judgment so entered and enrolled as part of the minutes of the court is the sole memorial of the judgment of the court.

The statute requires that on appeal or certiorari, when the judgment of the justice court is affirmed, judgment "must be rendered by the court against the sureties as well as the principal, which must include the costs of the inferior and appellate court." —Code 1907, § 4725. This section was construed in *Minchener v. Robinson,* 169 Ala. 472, 53 South. 749, as follows: "In the circuit court, judgment was rendered that plaintiff recover the property sued for or its alternate value of defendants and their sureties. It is now said that the judgment against the sureties was erroneous.—*Rand v. Gibson,* 109 Ala. 266, 19 South. 533, and *Clem v. Wise,* 133 Ala. 403, 31 South. 986, are cited. Both of these were statutory actions of detinue. The bonds were given to secure possession pending the suit, and were conditioned upon the failure to deliver the property to the successful party within 30 days after judgment. The procedure in such cases is provided for in section 3783 of the Code of 1907. The sureties against whom judgment in this case was rendered in the circuit court were parties to a bond of supersedeas on the appeal, and judgment was properly rendered in accordance with section 4725."

It is thus plain, not only that the judgment may be against the defendant in attachment, but that it should be against the sureties on his bond for appeal from the justice court to the circuit court, as well.

(3) To what extent, then, were the bench notes sufficient as a direction to the clerk, in term time, to enter the judgment complained of? In a very well considered opinion, Mr. Justice Denson said:

"If　*　*　*　the bench notes do not constitute the judgment, but merely judgment should be [entered], it would seem to follow that it requires the entry of judgment to be made during the term. The requirement of the statute that the clerk shall 'keep a book, in which must be entered the minutes of each day's proceedings during the term of the court, and the orders and judgments, in the order in which they are made or rendered,'

carries the implication that until that is done the judgment ·is inchoate only. It is incomplete: Though possessing the character of potentiality, it lacks the character of actuality, and hence is without probative force. This view is strengthened by that other statutory requirement (though construed to be directory) that the minutes of the court must be read each morning in open court, and on the adjournment of the court must be signed by the court.—Civ. Code 1896, § 2641. Under our practice, the court retains control of its journals during the term, during which time it may add to, strike out, or alter that which is on the journals, or incorporate new matter. 'On the final adjournment, however, that control is lost. This we take to be elementary.' "—*Wynn, et al. v. McCraney, et al.,* 156 Ala. 630, 636, 46 South. 854, 856.

The *Wynn Case* was an action on the clerk's official bond for failure to enter the judgment, and the docket memoranda of the presiding judge were held to be "only as directions to the clerk as to what judgment should be entered on the records of the court, and that the trial docket is not a record." See on this point *Morgan v. Flexner,* 105 Ala. 356, 16 South. 716; *Brightman & Co. v. Meriwether, et al.,* 121 Ala. 602, 25 South. 994; *Baker v. Swift & Son,* 87 Ala. 530, 6 South. 153.

In *Robertson v. King,* 120 Ala. 459, 463, 24 South. 929, 930, the proceeding was for the amendment of a judgment nunc pro tunc, in an action of detinue that had resulted in a judgment for plaintiff in the justice court, and the defendant appealed to the circuit court, giving an appeal bond with sureties. At the trial in the circuit court, fall term, 1897, judgment was rendered against the defendant for the property or its alternate value and for the detention damages, but "no judgment was rendered against the sureties on the appeal·bond." At the spring term, 1898, the plaintiff made a motion to have the judgment amended by inserting therein the names of the sureties. The court declared that the office of such a motion is, not to secure a new judgment, or to have ascertained and determined new rights, but to obtain the correction of a judgment in order that the record may speak the truth of what the judicial action really was. The court said: "* * * The judgment rendered against the defendant alone was, as we have.seen, for $40, 'together with all the costs.' This judgment was very properly rendered against him; but, if it had been rendered for the same amount against

the sureties, it would have been erroneous, as in excess of the penalty of their bond.

"The bench notes of the judge, as well as the appeal bond, were introduced in evidence by movant. These notes were: 'Jury and verdict for plaintiff: Red ox valued at $10, & dun balled [bald] face ox, valued at $15, and $15 for its detention.' On this, the movant sought, and the court amended, the judgment nunc pro tunc. We are unable to see from this that the judgment the court intended to enter was not entered, or that there was clerical error intervening in its entering."

It is thus clear from the evidence introduced on the motion in the *Robertson Case* (bench notes and appeal bond) it could not be ascertained that the judgment against the defendant was within the obligation assumed by the sureties on the appeal bond. This was pointed out in that opinion. The *Robertson Case* was under the statute of 1896, that did not provide (as does section 4140 of the Code of 1907) that within three years after the rendition of final judgment, upon the application of either party, the court might "direct the writing up of any judgment, when the order for judgment was made at a previous term of the court and the clerk had failed at such previous term to enter such judgment on the minutes of the court, when there is sufficient matter apparent on the record or entries of the court to amend by."

In *Rich v. Lowenthal,* 99 Ala. 487, 13 South. 220, it was declared that where the penalty of the forfeited bond for the replevy of the property is less than its value, as asssessed by the jury, it can be enforced only by summary execution against the sureties for the amount of such penalty of the bond, and that judgment should be rendered against the sureties for the amount of the penalty only.—*McBarnett v. Breed,* 6 Ala. 476; *Sherry v. Priest,* 57 Ala. 410; *Waite v. Ward,* 93 Ala. 271, 9 South. 227.

The provisions of section 4140 of the Code were considered in the recent case of *Campbell v. Beyers, et al.,* 189 Ala. 307, 66 South. 651, where Mr. Justice SAYRE said: "The question is upon the sufficiency of the proof of a verdict and its terms, and whether, the verdict being established, the court in the exercise of its inherent power may at a subsequent term, no rights of third parties having intervened, proceed to render judgment in pursuance thereof. We think the proof has been competently and satisfactorily made in this case and that the court should have proceeded to judgment as moved by plaintiff's motion."

[Lockwood, et al. v. Thompson & Buchmann.]

The evidence in the *Campbell Case,* on which such judgment nunc pro tunc was entered, was a written indorsement upon the summons and complaint, purporting to be the verdict of the jury, signed by the foreman, finding for the plaintiff for the land described in the complaint, and the recital of record that "at the trial term defendants had made a motion to set aside the verdict and for a new trial which motion had been overruled." And there was no bench notes, reciting the rendition of such verdict of the jury.

It is therefore clear that, if formal judgment nunc pro tunc could be entered on the evidence before the court in the *Campbell Case,* then the judgment in the instant case finds ample support in the appeal bond executed by the defendant and movants, of date May 16, 1914, reciting the recovery of judgment in the justice court for $15, and $2.10 costs, by plaintiff, against the defendant S. P. Williams; by the appeal from such judgment to the circuit court; by the verdict of the jury for the plaintiff in the sum of $11, together with the costs of the court and of the court below; and by the recital of the bench notes, of such jury and verdict for the plaintiff, and judgment condemning the attached property.

By section 3272, subsec. 8, Code 1907, it is made the duty of the clerk "to keep a book, in which must be entered the minutes of each day's proceedings during the term of the court, and the orders and judgments, in the order in which they are made or rendered." In the discharge of this duty, the clerk, in writing up the judgment entry on the verdict of the jury in this case, complied with section 4725 of the Code, by embracing, in the formal judgment on the minutes of the court, the sureties on the defendant's appeal bond, limiting their liability to the amount of the appeal bond. It is likewise by statute (Code 1907, § 5732) made the duty (though held to be directory) of the judge to have read each morning in open court the minutes of the court, and on the adjournment of the court to sign the same.

The statute further declares that: "Orders, judgments and decrees entered upon the minutes of the court are parts of the record of the causes to which they pertain, and need not be copied into the final record."—Code, § 5733.

Thus the formal judgment enrolled on the minutes of the court must always prevail over the bench notes, in the event of irreconcilable conflict; and the court retains control of its jour-

[Catanzano v. Jackson, et al.]

nals throughout the term, having the power, until adjournment, to "add to, strike out, or alter that which is on the journals, or incorporate new matter." Any other rule would unduly burden judges in making the bench notes in trials, and thus impede the due and expeditious procedure of trials.

The ruling of the trial court on the motion from which this appeal is prosecuted is free from error, and the judgment thereon is affirmed.

Affirmed.

MCCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.