(102 So. 597)

## McLEOD et al. v. HOME PATTERN CO.
### (4 Div. 24.)

(Court of Appeals of Alabama. Jan. 13, 1925.)

**Judgment ⬷272—Entry of judgment after adjournment of court at which case was tried held void.**

Judgment, which was entered after adjournment of court at which case was tried and at a time when court had lost control of its judgment rendered at preceding term, was without authority of law and void.

Certiorari to Circuit Court, Barbour County; J. S. Williams, Judge.

Action by the Home Pattern Company against S. & R. McLeod. Judgment for plaintiffs, and defendants petition for common-law certiorari. Writ granted. Judgment annulled.

W. H. Merrill, of Eufaula, for petitioners.

The judgment states no amount and is void. 15 R. C. L. 593. The judgment is also void for the reason that it was entered on the minutes of the court after the term during which it was rendered. Winn v. McCraney, 156 Ala. 630, 46 So. 854; Lockwood v. Thompson & McCannon, 198 Ala. 295, 73 So. 504.

G. L. Comer & Son, of Eufaula, opposed:

Counsel discuss the questions raised, but without citing authorities.

SAMFORD, J. On January 28, 1924, the judge presiding in the circuit ·court of Barbour county made the following bench notes:

"The demurrers of defendants having been overruled, the defendants decline to plead further, and took an appeal with bill of exceptions, and·judgment was rendered for plaintiff for the amount sued for, as shown in the complaint, and defendants except to such action of the court."

On August 25th following, and after the term of the court, the clerk entered the following judgment:

'"This cause coming on to be heard on this day, is submitted to the court without the intervention of a jury on the testimony taken, and the same being considered and understood by the court, defendants' demurrers are overruled. Defendants decline to plead further and take an appeal with bill of exceptions. Be-

ing considered by the court, it is ordered, adjudged, and decreed by the court, that plaintiff have and recover of defendants S. & R. McLeod the amount sued for as shown in complaint, and to such action of the court defendants except."

It is conceded that this judgment is erroneous. 15 R. C. L. p. 593, § 30; Lockwood v. Thompson & Buchmann, 198 Ala. 295, 73 So. 504.

It appearing upon the face of the record that the judgment entered August 25, 1924, was entered after the adjournment of court at which the case was tried, and at a time when the court had lost control of its judgments rendered at the preceding term, the act of entering said judgment was without authority of law and the judgment is void. The writ is granted, and the judgment entered August 25, 1924, is annulled.