### STATE ex rel. McKENZIE v. WILLIAMS, Judge. (4 Div. 249.)

(Court of Appeals of Alabama. June 8, 1926.)

**1. Courts ⚖113—Criminal law ⚖994(3).**

Except as provided by statute, circuit court loses control of its journals and judgments on final adjournment or expiration of statutory period.

**2. Criminal law ⚖994(4).**

Under Code 1923, §§ 7854, 7855, circuit court may enter order nunc pro tunc to write up judgment ordered at previous term only on motion after notice, if amendment be more than correction of clerical errors.

**3. Mandamus ⚖3(12), 4(3).**

Order by circuit court ex mero motu to enter judgment ordered at previous term being interlocutory and remediable by certiorari or appeal, if ever made basis of judgment, mandamus will not lie to correct it.

Original mandamus by the State, on the relation of J. A. McKenzie, for mandamus, to Hon. J. S. Williams, as Judge of the Circuit Court of Russell County. Writ denied.

Frank M. De Graffenried, of Seale, for petitioner.

The court lost control of the judgments after the expiration of 30 days from the dates on which they were rendered; hence the order here involved was void. Code 1923, §§ 6670, 6724, 10126: Prudential Gas. Co. v. Kerr, 202 Ala. 259, 80 So. 97; Wilder v. Bush, 201 Ala. 21, 75 So. 143; McLeod v. Home Pattern Co., 20 Ala. App. 430, 102 So. 597. The writ should be granted. Ex parte Shirley, 20 Ala. App. 473, 103 So. 68.

J. S. Williams, of Clayton, pro se.

Brief did not reach the Reporter.

SAMFORD, J. Petitioner was convicted in the recorder's court of Phenix City for the violation of an ordinance of said city, and appealed to the circuit court of Russell county, where the cause was regularly docketed and duly tried on the 9th day of October, 1925, at which time the trial judge entered on the trial docket the following bench notes:

"October 9, 1925. The plaintiff is allowed to amend the certificate, and defendant excepts. Defendant's motion as shown by the notes of stenographer is overruled, and defendant excepts to the ruling of the court. This cause was tried without the intervention of a jury, and the court, having heard the evidence, is of the opinion that the defendant is guilty, and he is adjudged guilty and is assessed a fine of $100 and costs. The defendant and Carey Williams and C. L. Windham, his sureties, confessed judgment for fine and costs, waive exemptions as to personal property, and consents that execution issue. The defendant gives his notice in writing of an appeal to the Court of Appeals of Alabama, and his bond is assessed in the sum of $500, and the judgment is suspended, pending such appeal."

No judgment was entered on the minutes of the court during the fall term, 1925, nor for 30 days thereafter. On April 2, 1926, the court ex mero motu caused to be entered the following order:

"Whereas it appears, from an examination of the docket of the circuit court of Russell county, that during the fall term of said court in the weeks of October 5 to October 10th, and October 12 to October 17, respectively and inclusively, in the year 1925, certain judgments were not entered on the minutes of said court, it is therefore ordered that all judgments, civil and criminal, which were not entered on the minutes of the circuit court of Russell county be now entered on such minutes by the clerk of said court, and that this order be likewise spread on the minutes of the court.

"Done in open court, this the 2d day of April, 1926. J. S. Williams, Judge Third Judicial Circuit of Alabama."

[1] No judgments have been entered pursuant to said order, but it is alleged that such judgments will be entered unless this court grants the prayer of the petition. It is also alleged that application has been made to the trial judge praying that the order dated April 2, 1926, be set aside and annulled and by him denied. The cause is submitted on petition and answer and all facts are admitted. Except as is otherwise provided by statute, the circuit court of Russell county lost control of its journals on final adjournment or the expiration of the statutory period. During the term or for the time specified by statute the court retains control of its journals and judgments. Prudential Gas. Co. v. Kerr, 202 Ala. 259, 80 So. 97. It appears therefore that, except as is otherwise provided by statute, hereinafter to be discussed, at the time the order dated April 2, 1926, was entered, the court had lost all power over the journals and judgments of the court of the fall term, 1926.

[2] The respondent claims that, as judge of the Third judicial circuit, he had a right to enter the foregoing order to complete the minutes of the court for the fall term, 1925, or, as is expressed in the answer, to "issue an order directing that all of said judgments be now for then entered on the minutes of such court by the clerk."

Amendments nunc pro tunc in civil cases are governed by sections 7854 and 7855 of the Code of 1923. But action authorized by these two sections is limited to application by one of the parties to the suit. When such application is made, the court may, upon proper hearing, direct the writing up of any judgment, when the order for judgment was made at a previous term of the court and the clerk had failed at such previous term to enter such judgment on the minutes of the court, when there is sufficient matter apparent on the record or entries of the court to amend by. But we find no authority for the court ex mero motu to enter any such order. Moreover, motion must not only be made, but notice of such motion is essential, if the amendment be not of mere clerical errors. Section 7854, Code 1923. In this case, no motion was made by either party, no notice was given to any parties litigant, but a blanket order, without motion and without notice, was issued to write up all judgments in all cases for the fall term, 1925, said order being entered at a time when, in the absence of a formal motion and notice under the statutes above cited, the court was without power in the premises. It may here be noted that the decision in Nabers' Adm'r v. Meredith, 67 Ala. 333, was written prior to the act of March, 1881, now section 7854 of the Code of 1923, requiring notice of motions for nunc pro tunc.

The trial court, acting in each case, and on proper motion, notice and hearing might if the facts justified enter an order nunc pro tunc. But in the present instance the court acted without process as prescribed by statute, and at a time when power to act ex mero motu had been lost.

[3] But the order complained of, if indeed it ever affects defendant, is interlocutory, and if such order should ever enter into, or become the basis of a judgment against defendant he has his remedy by certiorari or appeal. Ex parte Little, 205 Ala. 517, 88 So. 645; McLeod v. Home Pattern Co., 20 Ala. App. 430, 102 So. 597. In the present status the petition must be denied.

Writ denied.