144 So. 818

## WEBB v. FRENCH.
### 6 Div. 247.

Supreme Court of Alabama.

Dec. 8, 1932.

James & Stewart, of Cullman, for appellant.

B. F. Smith, of Birmingham, for appellee.

THOMAS, J.

This suit is by the personal representative of Nellie Webb Stewart, deceased, against the personal representative of Hawkins Westmoreland, deceased, for damages for the wrongful killing of appellant's intestate.

There was a plea to abate the action, to which demurrers were directed and overruled.

It is recited that there was taken by plaintiff, a "nonsuit with a bill of exceptions in order to review the several rulings before the court"; thus is presented the question of the sufficiency of the final judgment presented by the record proper.

Final judgments that will present for review the rulings of the trial court were considered in De Graffenrièd v. Breitling, 192 Ala. 254, 68 So. 265, under section 6078 of the Code; and nonsuits duly taken under section 6431 of the Code were considered in Maze v. Employees' Loan Soc. et al., 217 Ala. 44, 114 So. 574; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Herrmann v. Mobile County, 202 Ala. 274, 80 So. 112; Kennedy v. Lyric Theatre Co., 213 Ala. 153, 104 So. 274; Bush v. Russell, 180 Ala. 590, 61 So. 373; Epperson v. First Nat. Bank of Reform, 209 Ala. 12, 95 So. 343; City of Mobile v. Board of Revenue and Road Com'rs of Mobile County, 219 Ala. 60, 121 So. 49; Engle v. Patterson, 167 Ala. 117, 52 So. 397; Priebe v. Southern Railway Co., 189 Ala. 427, 66 So. 573; Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567.

The question which recurs is that of jurisdiction here to review the action of the lower court upon the record proper that is presented. It requires no argument to show that the judgment exhibited was not the judgment of the lower court "granting" plaintiff's motion for a nonsuit "and dismissing the case." Alston v. Marengo County Board of Education,

224 Ala. 676, 141 So. 658; Wallace v. Screws (Ala. Sup.) 142 So. 572;[1] Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427; Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76; State ex rel. Wright v. Kemp, 205 Ala. 201, 87 So. 836; Wise v. Spears, 200 Ala. 695, 76 So. 869; Eslava v. Jones, 79 Ala. 287.

■ The appellee recognized the effect of the foregoing decisions, and moves here for amendment of the judgment nunc pro tunc. The inherent power is in the circuit court to amend its own record so as to make it speak the truth, within the rules that govern actions in that court and in such case. Sections 7854, 7855, Code 1928. The authorities are all collected in 10 A. L. R. 527. Drake & Wife v. Johnston & Seats, 50 Ala. 1; State ex rel. McKenzie v. Williams, Judge, 21 Ala. App. 427, 109 So. 177; Wilder v. Bush, 201 Ala. 21, 24, 75 So. 143; Wynn v. McCraney, 156 Ala. 630, 46 So. 854; Lockwood v. Thompson & Buchmann, 198 Ala. 295, 73 So. 504; Oliver v. State (Ala. App.) 140 So. 180; Ex parte Green, Supt. of Banks, 221 Ala. 298, 129 So. 72; Nabers' Adm'r v. Meredith, 67 Ala. 333, 335; Morrison v. Covington, 211 Ala. 181, 100 So. 124. In Campbell v. Beyers, 189 Ala. 307, 66 So. 651, the observation is that section 4140, Code 1907, the same as section 7855, Code 1923, is without application to the power of the court to enter a judgment after the term nunc pro tunc. City of Birmingham v. Andrews, 222 Ala. 362, 132 So. 877; Minor v. Minor, 222 Ala. 645, 134 So. 132. See Poole v. Griffith, 216 Ala. 120, 126, 112 So. 447.

The rendition of a judgment nunc pro tunc on due motion therefor was sustained as authorized by the record in the rendition, in the trial court in recent cases of Lockwood v. Thompson & Buchmann, supra; Cosby v. State, 202 Ala. 419, 80 So. 803; Curry v. State, 203 Ala. 239, 241, 82 So. 489; Hillens v. Brinsfield, 113 Ala. 304, 21 So. 208; McGowan v. Simmons, 185 Ala. 310, 64 So. 569.

The computation of time for review was considered in Ex parte Louisville & N. R. Co. (Langston v. Louisville & N. R. Co.), 214 Ala. 489, 108 So. 379.

■ It is apparent from these authorities that appellant's motion for amendment in this court of the judgment nunc pro tunc should be denied, and that is the order. 34 C. J. p. 7, §§ 204, 205; p. 78, § 219; p. 79, § 220; 10 A. L. R. 527, note.

■ The appellee's motion to dismiss the appeal, for that the judgment exhibited by the record proper was not final and presented no question for review, is granted, and the appeal is dismissed.

Appeal dismissed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

