147 So. 631

**Ex parte FRENCH.**

6 Div. 316.

Supreme Court of Alabama.

March 13, 1933.

B. F. Smith, of Birmingham, for petitioner.

James & Stewart, of Cullman, for respondent.

FOSTER, Justice.

On September 6, 1932, on account of the adverse rulings of the court plaintiff took a nonsuit in order to review said several rulings. There was no judgment of the court ordering a nonsuit. But in order to review such rulings plaintiff took an appeal to this court. It was held on that appeal that the court could not review the rulings of the trial court, because that court had not rendered a final judgment; that the recital on the minutes that plaintiff takes a nonsuit is not a judgment to that effect, and the appeal was dismissed. Webb v. French, 225 Ala. 617, 144 So. 818. Thereupon, plaintiff made a motion in the circuit court that a judgment of nonsuit be entered. This motion was duly heard on notice, and granted and judgment entered.

The defendant has brought to this court an original petition for mandamus to the judge of that court requiring him to vacate the entry of the judgment, because it was rendered after the term of the court at which plaintiff took a nonsuit, and when the court had no power over it.

The contention of petitioner would probably be well supported if the court had rendered a final judgment, and the motion were to set it aside, and the motion had not been continued into the next term. But the court may amend a judgment nunc pro tunc on record evidence, at a subsequent term, or, if no final judgment has been rendered, the cause is in fieri, and a final judgment may of course be rendered at a subsequent term. This legal status was thus fully explained in the case of Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Clanton v. State, 96 Ala. 111, 11 So. 299, and applied by us in Birmingham v. Andrews, 222 Ala. 362, 132 So. 877.

The record entry that plaintiff takes a nonsuit is in the nature of a request by the plaintiff that such judgment be entered. It is not a disposition of the case, until the court acts upon it and enters a formal judgment of nonsuit. This was done on motion and notice and in due form.

The application for a writ of mandamus is therefore overruled and denied.

Petition for writ of mandamus denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.