156 So. 858

## SANFORD v. LIFE & CASUALTY INS. CO. OF TENNESSEE.

8 Div. 949.

Court of Appeals of Alabama.

June 12, 1934.

Rehearing Denied June 23, 1934.

Wert & Hutson and O. Kyle, all of Decatur, for appellant.

A. J. Harris and Norman W. Harris, both of Decatur, for appellee.

BRICKEN, Presiding Judge.

The record contains two assignments of error, each relating to the granting of appellee's motion for a new trial, from which the appeal is taken under section 6088 of the Code.

The only ruling on the motion for a new trial, shown by the record proper, and entitled, "Judgment on Motion," is that upon submission of the motion: "To and being duly considered and understood by the court, it is thereupon considered, ordered and adjudged that the defendant's said motion be and the same is hereby sustained."

The bill of exceptions says that the motion for a new trial "was thereupon sustained and the jury's verdict set aside and vacated and a new trial of said cause ordered." Recitals in the bill of exceptions cannot supplement the judgment, and render appealable a judgment otherwise insufficient for that purpose. Clements v. Hodgens, 210 Ala. 486, 98 So. 467. Randall v. Worthington, 141 Ala. 497, 37 So. 594. So the question remains: Does an order that motion for a new trial be "sustained" show a judgment "granting" the same? We think this question is foreclosed by Irby v. Kaigler, 6 Ala. App. 91, 60 So. 418; Stokes v. Hinton, 197 Ala. 230, 72 So. 503; Chambers v. Morris, 144 Ala. 626, 39 So. 375, holding a formal adjudication essential to accomplish the vacating and setting aside of the verdict and judgment. An adjudication that a motion be sustained is in no sense the equivalent of granting the same, and far short of setting aside a verdict and judgment.

The insufficiency of the judgment shown by the record proper, to support an appeal, is jurisdictional, and it necessarily follows that the appeal must be dismissed, although the parties should consent to and insist upon a review of the case by this court. Meyers v. Martinez, 162 Ala. 562, 50 So. 351; W. K. Syson Timber Company v. State, 23 Ala. App. 261, 123 So. 293.

Appeal dismissed.