165 So. 413

### PACE v. CITY OF BIRMINGHAM.
#### 6 Div. 866.

Court of Appeals of Alabama.
Jan. 21, 1936.

Dan Trawick, Jr., of Birmingham, for appellant.

W. J. Wynn and John S. Foster, both of Birmingham, for appellee.

166 So. 715

## WILSON v. STATE.
### 4 Div. 226.

Court of Appeals of Alabama.

Nov. 26, 1935.

Rehearing Denied Jan. 21, 1936.

SAMFORD, Judge.

The charge in the recorder's court was petit larceny, in which court defendant was convicted. From this judgment, an appeal was taken to the circuit court, where the defendant was tried before a jury and a verdict of acquittal followed. The city made a motion for a new trial, setting forth six grounds, the first three, that the verdict was contrary to the law and evidence; the fourth, that the court erred in excluding evidence by the witness Peteet, that at the time of defendant's arrest she was disorderly and probate; fifth, that the court erred in excluding evidence by witnesses, Sandefer and Norrell, that defendant offered them a bribe to release her; and, sixth, the refusal of the court to allow the city to prove that at the time of the arrest defendant was disorderly and offered a bribe for her release.

It is established as a rule in this state that, in a case involving the violation of a city ordinance where the acquittal was obtained in a trial infected with reversible error, the cause is subject to reversal and a new trial. City of Birmingham v. Williams, 26 Ala.App. 200, 155 So. 878.

In the instant case the evidence was in conflict. The jury had all the parties before them. It was the province of the jury to weigh and to pass upon this evidence, and therefore grounds 1, 2, and 3 of the motion are not well taken.

Grounds 4, 5, and 6 are not borne out by the record. Peteet testified that defendant was drinking, and nothing more was offered to be proved by him. Sandefer testified that defendant offered him $5 if he would let her sign an appearance bond, and, upon objection to this being sustained, no exception was reserved, and Norrell was not examined as a witness.

There is no reversible error in this record which would justify the trial court in setting aside the verdict and granting a new trial. For the error in granting the city's motion, the judgment is reversed, and the defendant is discharged.

Reversed and rendered.