11 So.2d 561

### Ex parte BRANDON.
### 6 Div. 95.

Supreme Court of Alabama.

Jan. 14, 1943.

Wm. Conway, of Birmingham, for petitioner.

Ralph E. Parker, of Birmingham, for respondent.

LAWSON, Justice.

This is a petition for the writ of mandamus to Judge George Lewis Bailes, as a Judge of the Tenth Judicial Circuit, to require him: (1) To vacate and annul an order entered by him on May 4, 1942, which order purports to grant to the City of Birmingham a new trial in the case of the City of Birmingham v. Ethel Brandon, and (2) to discharge the said Ethel Brandon from further prosecution.

The petitioner was convicted in the Recorder's Court of the City of Birmingham of "disorderly conduct" in violation of an ordinance of said city. She appealed to the Circuit Court of the Tenth Judicial Circuit, where the cause was tried de novo on April 6, 1942, before a jury, with Judge Bailes presiding. The jury found the petitioner "not guilty" and she was discharged. Thereafter, on April 21, 1942, the City of Birmingham spread upon the motion docket its motion for a new trial. On May 4, 1942, Judge Bailes wrote on the motion for a new trial the following entry: "5-4-42 Motion granted. New trial ordered.

Bond re-instated. Bailes, J." Pursuant to this order the Clerk of the Circuit Court of the Tenth Judicial Circuit has reinstated the case of the City of Birmingham v. Ethel Brandon on the regular trial docket.

As we construe the allegations of the petition and the return made thereto, the order written on the motion for new trial by Judge Bailes on May 4, 1942, is the only entry which has been made concerning the court's action thereon. It does not appear that the clerk has entered a formal judgment on the minutes of the court as is contemplated by Section 198, Title 13, Code of 1940. Wilder et al. v. Bush, 201 Ala. 21, 75 So. 143; Wynn et al. v. McCraney et al., 156 Ala. 630, 46 So. 854.

It is admitted by petitioner that in a case where a person is acquitted in the Circuit Court of Jefferson County of a charge of violating an ordinance of the City of Birmingham that the city may appeal to the Court of Appeals and to that end apply for a new trial in the Circuit Court. Section 692, Title 62, Code of 1940; Pace v. City of Birmingham, 27 Ala.App. 37, 165 So. 413; Reynolds v. City of Birmingham, 29 Ala.App. 505, 198 So. 360.

The petitioner bases her right to the relief prayed for on the contention that the judgment discharging her, under date of April 7, 1942, has not been set aside for the reason that the order entered by Judge Bailes on May 4, 1942, is insufficient for that purpose.

It is true that this court and the Court of Appeals have repeatedly held that where the record on appeal shows nothing more than an order similar to the one entered by Judge Bailes on May 4, 1942, there is no judgment of the court on the motion for new trial which will support an appeal as authorized by statute. Dees v. Lindsey Mill Co., 210 Ala. 183, 97 So. 647; Clements v. Hodgens, 210 Ala. 486, 98 So. 467; Irby v. Kaigler, 6 Ala.App. 91, 60 So. 418; Sanford v. Life & Casualty Ins. Co. of Tennessee, 26 Ala.App. 197, 156 So. 858; Randall v. Worthington, 141 Ala. 497, 37 So. 594; Morgan v. Flexner & Lichten, 105 Ala. 356, 16 So. 716.

■ The order entered by Judge Bailes on May 4, 1942, although not in the form of a judgment such as will support an appeal, is not altogether inefficacious. It was sufficient as a direction to the clerk as to what judgment should be entered on the records of the court, and the clerk should have entered a formal judgment in the minutes of the court during the term at which the order was made. However, after the expiration of the term (thirty days from date of order) neither the clerk nor the court has the power or authority to make judgment entries or alter or amend a judgment already rendered except as to mere clerical errors. Wynn et al. v. McCraney et al., supra; Campbell v. Beyers et al., 189 Ala. 307, 66 So. 651; Wilder et al. v. Bush, supra; McLeod et al. v. Home Pattern Co., 20 Ala.App. 430, 102 So. 597; Lockwood v. Thompson & Buchmann, 198 Ala. 295, 73 So. 504.

■ However, upon the application of either the City of Birmingham or the petitioner, filed within three years after the date of the entry of the order, the trial court may direct the writing up of a proper judgment in this case. Section 567, Title 7, Code of 1940, provides as follows: "The circuit courts, or courts of like jurisdiction, may, at any time within three years after the rendition of final judgment, upon the application of either party, amend any clerical error, mistake in the calculation of interest, or other mistake of the clerk or register, and may direct the writing up of any judgment, when the order for judgment was made at a previous time and the clerk or register had failed at such previous time to enter such judgment on the minutes of the court, when there is sufficient matter apparent on the record or entries of the court to amend by. No cause shall be reversed for such error or defect by the appellate court, unless the court of original jurisdiction refuses to make the amendment."

In the case of Sisson v. Leonard, Ala. Sup., 11 So.2d 144,[1] decided at this term, Mr. Justice Foster, writing for the court, said: "If a judge makes a docket memorandum of his judgment, and the clerk fails during the term to extend it in form on the minutes, it is a 'mistake of the clerk,' which is not merely clerical but it may be corrected at a subsequent term by a judgment nunc pro tunc under Section 567, Code, supra; Ex parte French, 226 Ala. 297, 147 So. 631; Ware v. Kent, 123 Ala. 427, 26 So. 208, 82 Am.St.Rep. 132, as is specifically covered by section 567, Code, supra."

---

[1] Ante, p. 546.

Under the decisions of this court the order entered on the motion for new trial by Judge Bailes on May 4, 1942, is in all respects such record evidence of the court's action as to authorize the trial court to direct the writing up of a formal judgment in accordance with the terms of Section 567, Title 7, Code of 1940. Campbell v. Beyers et al., supra; Lockwood v. Thompson & Buchmann, supra; Cosby v. State, 202 Ala. 419, 80 So. 803; McGowan v. Simmons, 185 Ala. 310, 64 So. 569.

The writ of mandamus is an extraordinary legal remedy which is only to be granted when there is a clear specific legal right for the enforcement of which there is no other adequate remedy. Brody v. Armstrong, 205 Ala. 263, 87 So. 798. We do not think the petitioner in this case has shown that she has a clear specific legal right to the relief prayed for.

The petitioner is not entitled to have the order entered on May 4, 1942, vacated or annulled as long as it possesses the character of potentiality. An order by this court to the respondent judge to vacate his order of May 4, 1942, would result in a denial to the City of Birmingham of its rights under Section 567, Title 7, supra.

We assume that a proper judgment will be entered on motion before the petitioner is again put upon trial.

Writ denied.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.

