73 So.2d 727

**Ex parte ALPHONSE.**

I Div. 596.

Supreme Court of Alabama.

June 24, 1954.

Telfair J. Mashburn, Jr., Bay Minette, for petitioner.

Beebe & Swearingen, Bay Minette, for respondent.

LAWSON, Justice.

This is an original petition filed in this court for writ of mandamus to be directed to Hon. Hubert M. Hall, as Judge of the Twenty-eighth Judicial Circuit.

The case made by the petition and the exhibits thereto is substantially as follows.

On May 15, 1951, the Petitioner, Marie Alphonse, filed her bill in the Circuit Court of Baldwin County, In Equity, as Administratrix of the estate of Pauline Houston Padgette against The Bank of Fairhope, Frank and Alma Phillips and certain described lands. The purpose of the bill was to redeem from a mortgage sale certain land situated in Baldwin County.

The cause was continued from time to time until on, to-wit: August 18, 1953, when the following entry was made by the respondent Judge on the "Docket Sheet of said cause": "Continued to September 9, 1953, at which time cause to be tried or dismissed."

When the cause was regularly called on September 9, 1953, the complainant below, petitioner here, failing to appear and prosecute the cause, the respondent Judge made the following entry on the "Docket Sheet of said cause": "9-9-53, Cause dismissed for want of prosecution."

Paragraph 4 of the petition filed in this court reads: "4. That no decree, pursuant to the above 'Minute Entry', dismissing said cause was ever made and entered in said cause."

On November 4, 1953, almost two months after the entry of dismissal was made, Marie Alphonse filed in the Circuit Court of Baldwin County, In Equity, her "Motion to Reinstate". The hearing on that motion was continued from time to time until February 26, 1954, on which date the re-

spondent here rendered an order denying and overruling the said motion.

The petition for mandamus was filed in this court on March 26, 1954, on which date an order was entered as follows: "Let rule nisi issue as prayed." There was immediately issued out of this court an order commanding the respondent Judge as follows: "* * * to reinstate on the Trial Docket of the Circuit Court of Baldwin County, In Equity, or to proceed to hear that certain cause styled: Marie Alphonse, as Administratrix of the Estate of Pauline Houston Padgette, Complainant, vs. The Bank of Fairhope, a State Banking Corporation, Frank A. Phillips, and Alma Phillips, Respondents, being Case No. 2645 in the Circuit Court of Baldwin County, In Equity, or to appear and show cause before the Supreme Court of Alabama on Thursday of the call of the 5th Division, to-wit: April 15, 1954, at 10:00 o'clock, A. M. why the peremptory Writ of Mandamus should not issue to him as prayed for in said petition."

On April 15, 1954, by order of this Court the cause was passed until Tuesday, May 18, 1954, on which day submission was had on the petition for mandamus and the demurrer filed thereto by Judge Hall.

It is settled that the sufficiency of a petition for writ of mandamus may be tested by appropriate demurrer. Lybrand v. Foreman, 259 Ala. 354, 67 So.2d 4, and cases cited; Lewis v. Jenkins, 215 Ala. 680, 112 So. 205; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Ex parte Hennies, 33 Ala.App. 229, 34 So.2d 17.

As we construe the allegations of the petition the entry made on the trial docket by Judge Hall on September 9, 1953, is the only entry which has been made concerning the court's action. It does not appear that the register has entered a formal decree as is contemplated by Section 213, Title 13, Code of 1940, as amended.

Petitioner bases her right to the relief prayed for on the contention that the entry made by Judge Hall on the trial docket, on September 9, 1953, is not a decree of dismissal and no further action having been taken thereon, she is entitled to have her cause tried.

Insofar as our research discloses, this court has never passed expressly on the question as to whether a mere entry on the trial docket that a cause is dismissed is sufficient to accomplish a dismissal of a suit. The authorities from other jurisdictions appear to be in conflict. See 27 C.J.S. Page 252, Dismissal and Nonsuit, Section 72.

The view which we take of the case makes a decision of that question unnecessary.

The order entered by Judge Hall on September 9, 1953, although not in the form of a decree such as would support an appeal (in an appealable case) is not altogether inefficacious. It was sufficient as a direction to the register as to what decree should be entered on the records of the court, and the register should have entered a formal decree during the term at which the order was made.

However, upon the application of the respondents to the bill filed by the petitioner in the court below, or upon application of the petitioner, the trial court may direct the writing up of a proper decree in this case. Section 567, Title 7, Code of 1940, provides as follows:

"The circuit courts, or courts of like jurisdiction, may, at any time within three years after the rendition of final judgment, upon the application of either party, amend any clerical error, mistake in the calculation of interest, or other mistake of the clerk or register, and may direct the writing up of any judgment, when the order for judgment was made at a previous time and the clerk or register had failed at such previous time to enter such judgment on the minutes of the court, when there is sufficient matter apparent on the record or entries of the court to amend by. No cause shall be reversed for such error or defect by the appellate court, unless the court of original jurisdiction refuses to make the judgment."

In the case of Sisson v. Leonard, 243 Ala. 546, 11 So.2d 561, we said: "If a judge makes a docket memorandum of his judgment, and the clerk fails during the term to extend it in form on the minutes, it is a 'mistake of the clerk', which is not merely clerical but it may be corrected at a subsequent term by a judgment nunc pro tunc under Section 567, Code, supra; Ex parte French, 226 Ala. 297, 147 So. 631; Ware v. Kent, 123 Ala. 427, 26 So. 208, 82 Am.St. Rep. 132, as is specifically covered by Section 567, Code, supra."

Under the decisions of this court the order entered on the trial docket by Judge Hall on September 9, 1953, is in all respects such record evidence of the court's action as to authorize the trial court to direct the writing up of a formal decree in accordance with the terms of Section 567, Title 7, Code of 1940. Ex parte Brandon, 243 Ala. 610, 11 So.2d 561, and cases cited.

■ The Writ of Mandamus is an extraordinary legal remedy which is only to be granted when there is a clear specific legal right for the enforcement of which there is no other adequate remedy. Brady v. Armstrong, 205 Ala. 263, 87 So. 798. We do not think the petitioner in this case has shown that she has a clear specific legal right to the relief prayed for.

■ Petitioner is not entitled to have the entry of September 9, 1953, vacated or annulled and the cause reinstated, so long as the entry possesses the character of potentiality. An order by this court to the respondent Judge in compliance with the prayer of the petition would result in a denial to the respondents to the bill filed by petitioner in the court below of their rights under Section 567, Title 7, supra.

We are of the opinion that the demurrer filed by Judge Hall is well taken, and should be sustained and the petition dismissed. It is so ordered.

Demurrer sustained. Petition dismissed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.