101 So.2d 331

**Jack BARNES**

**v.**

**L. C. EVANS.**

**8 Div. 911.**

Supreme Court of Alabama.

March 6, 1958.

Walter I. Barnes, Gadsden, for appellant.

Herbert H. Conway, Albertville, for appellee.

STAKELY, Justice.

The appeal in this case is from a judgment of nonsuit. Jack Barnes, plaintiff in the court below, appellant here, brought suit against L. C. Evans, defendant below, appellee here. After plaintiff had introduced his evidence and rested, defendant moved to exclude all of the testimony offered by plaintiff and to discharge the jury, for that the evidence did not make a prima facie case for plaintiff under his complaint. The trial court granted this motion and the transcript of evidence shows plaintiff moved for a nonsuit with leave to appeal.

There are two judgment entries in the record before us. One bears date of January 15, 1957, disclosing a final judgment for defendant in the ordinary form, not of nonsuit. The other bears date of February 22, 1957. It is in form a judgment of nonsuit on plaintiff's motion. The security for costs shows that the appeal is from the judgment rendered on February 22, 1957.

There is nothing in the record showing that there was any intervening motion of any kind between January 15th and February 22nd—a lapse of some thirty-eight days—nor anything to show that the trial court in any manner retained jurisdiction of the cause after the final judgment of January 15th. By statute it is provided that "after the lapse of thirty days from the date on which a judgment or decree was rendered, the [circuit] court

shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day." Code 1940, Title 13, § 119. Since there was no retention of jurisdiction, the purported judgment of February 22, 1957, is wholly void. A void judgment, of course, will not support an appeal. 2 Ala.Dig., App. & Error, ☞112. It results that this court must *ex mero motu* dismiss the appeal.

While in no event would we have any other alternative than to dismiss, we think it not improper to observe that had the judgment appealed from been valid, we would have been constrained to affirm. Our study of the whole record before discovery of the defect in the judgment convinced us the plaintiff's evidence fell short of the required prima facie quality, and thus the action of the trial court was clearly sustained.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.