115 So.2d 272

## Thelma JONES

v.

## William MUSE.

### 2 Div. 995.

Court of Appeals of Alabama.

Oct. 27, 1959.

Withers & Kerr, Greensboro, for appellant.

Reginald Richardson, Greensboro, for appellee.

PRICE, Judge.

Appellee sued appellant on a promissory note. The bench notes read:

"25 Feb. 1958—Judgment by default in favor of the plaintiff and against the defendant on a promissory waive note in the sum of $329.50 which sum includes interest and a reasonable attorney's fee as provided for in said note— As against this judgment there is a

waiver of exemptions as to personal property—The defendant is taxed with the costs for which execution may issue—"

In Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716, 717, the court said:

"* * * such bench note is evidence that the court then and there rendered a judgment, and thereby directed the clerk to extend it on the minutes, when that fact is the issue, though it will not, until so extended, support an execution or appeal. Wynn v. McCraney, 156 Ala. 630, 46 So. 854."

The record contains what is claimed to be the judgment of the court. It is dated February 25, 1958, but at the bottom of the judgment entry, signed by the clerk is the following notation:

"(This was entered by the Clerk on the Minute Record June 30, 1958 and dated back to agree with date of Bench Notes.)"

In Johnson v. Bryars, 264 Ala. 243, 86 So.2d 371, 374, the court said:

"When a final judgment is rendered and a bench note made of it, but it is not extended on the minutes it is not then an authentic record of the judgment of the court. But by a proceeding nunc pro tunc under section 567, Title 7, Code, conducted within three years thereafter, it may be ordered written up on the minutes and when this is done it relates back to the date of its rendition. Without such a proceeding, the entry of a judgment on the minutes by the clerk pursuant alone to the authority of the bench notes must be done within term time. Wynn v. McCraney, 156 Ala. 630, 46 So. 854; Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Ex parte Brandon, 243 Ala. 610, 11 So.2d 561; Ex parte Alphonse, 261 Ala. 177, 73 So.2d 727. Term time now means thirty days after the rendition of the judgment. Section 119,

Title 13, Code; Kolb v. Swann Chemical Corp., 245 Ala. 438, 17 So.2d 402; Pate v. State, 244 Ala. 396, 14 So.2d 251; Ex parte Brandon, supra; Sisson v. Leonard, 243 Ala. 546, 11 So.2d 144.

\* \* \* \* \* \*

"It is said in many of our cases that an appeal does not prevent the trial court from perfecting its record for use on appeal and that court alone has such authority. See, Nolan v. Moore, 254 Ala. 74, 46 So.2d 825; Home Ins. Co. v. Shriner, 235 Ala. 65, 177 So. 897; Pappot v. Howard, 154 Ala. 306, 45 So. 581. That was not done in this case.

"The transcript as certified by the clerk does not show an authentic judgment on the demurrer of plaintiff to the pleas, on which the assignments of error are based. What purports to be such a judgment is shown by the certificates of the clerk to the transcript to have been put on the minutes after the expiration of thirty days from the date of the final judgment and without an order nunc pro tunc, and cannot be considered as effective."

■ The record here was not perfected by a proceeding nunc pro tunc under Title 7, Sec. 567, Code of 1940. It is well settled that the entry made by the clerk of the court after thirty days from the date on which the final judgment was rendered is void. McLeod v. Home Pattern Co., 20 Ala.App. 430, 102 So. 597; Wynn v. McCraney, supra; Lockwood v. Thompson & Buchmann, 198 Ala. 295, 73 So. 504; Ex parte Brandon, 243 Ala. 610, 11 So.2d 561; Campbell v. Beyers, 189 Ala. 307, 66 So. 651.

■ A void judgment will not support an appeal and the appeal must be dismissed. Barnes v. Evans, 267 Ala. 236, 101 So.2d 331; Shade v. Shade, 252 Ala. 134, 39 So.2d 785; Adams v. Wright, 129 Ala. 305, 30 So. 574. See, also, 2 Ala.Dig.Appeal and Error ⚘112.

Appeal dismissed.