BEATTY, Justice.
This is a petition for a writ of mandamus brought by the Town of Cherokee to direct the Honorable Clifford K. Delony, Circuit Judge, to grant the petitioner’s plea of abatement. The writ is denied.
The Town of Cherokee, a Municipal Corporation, made a final sewage assessment against G. Pride Weaver on 1,560 linear feet fronting on U. S. Highway 72. The amount of this assessment was $7,984.77. A separate assessment was made on 1,000 linear feet of real estate on Mt. Hester Road. This assessment amounted to $5,118.44. The two properties are separated by a road known as White Pike. Weaver appealed these two assessments to the Circuit Court of Colbert County by filing one appeal bond in which both assessments were designated. The Town of Cherokee filed a “plea in abatement” /. e., a motion to dismiss under Rule 12(b), ARCP, see also Rule 7(c), ARCP, on the ground that, because each assessment was a separate judgment a separate appeal from each judgment was required. After taking evidence on the motion the trial court held that two distinct appeals had in fact been taken even though a single bond and notice of appeal was filed. The Town of Cherokee then filed this petition to have the trial judge grant its motion to dismiss.
*331 We pretermit discussion of the propriety of appealing to the circuit court from two distinct municipal improvement assessments through the use of one appeal bond because (1) that issue may be presented on appeal from the circuit court judgment, and because (2) it is' clear that the petitioner seeks mandamus to avoid the expense of appeal. We quote from the petition’s recital of reasons why the writ should issue:
It will be expensive and time-consuming for Cherokee to have to try this case on its merits before presenting to this Court the questions raised herein. .
This economics argument is expanded in petitioner’s brief.
While this Court is not unmindful of the importance of bringing finality to the municipal assessments process, still that is an insufficient basis on which to grant the writ. Mandamus is an extraordinary legal remedy to be granted only when there is a clear specific legal right for the enforcement of which there is no other adequate remedy. Ex parte Brandon, 243 Ala. 610, 11 So.2d 561 (1943). If the matters complained of, including a ruling on a plea of abatement or motion to dismiss, may ultimately be presented on appeal, mandamus will not lie. Ex parte Brooks, 264 Ala. 675, 89 So.2d 100 (1956) (mandamus to review plea in abatement attacking service of process). In that connection it is true that Decatur Land Company v. City of Decatur, 198 Ala. 293, 73 So. 509 (1916) held that separate appealable assessments by municipal bodies could not be united in one appeal. But here we have a finding by the trial court that two appeals were taken. The effect of this finding, and any corollary effect which Rule 3, ARAP might have upon the form of a notice of appeal to a circuit court, are matters addressed to the trial court for its decision, a decision which is reviewable by appeal. In any case, the expense and inconvenience of an appeal in order to obtain a solution to that issue is not a valid ground for obtaining mandamus as an alternative means. Ex parte Brooks, supra.
WRIT DENIED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.